## Commonwealth v. Katzenberg

*Kevin A. Hess, Assistant District Attorney,* for Commonwealth.
*John McCrea, III,* for defendant.

SHUGHART, *P. J.,* June 24, 1975—Defendant was charged on May 25, 1974, with a violation of The Vehicle Code of April 29, 1959, P.L. 58, sec. 1002(b)(6), as amended, 75 P.S. §1002(b)(6). Specifically, he was charged with operating a passenger vehicle on I-81 in Southampton Township at 72 miles per hour in violation of the speed limit of 55 miles per hour. At a hearing before a district justice on July 10, 1974, defendant was found guilty, whereupon he appealed to this court.

In response to a request from the Governor on November 18, 1973, the Secretary of Transportation attempted to repeal all actions taken by himself or his predecessors pursuant to sections 1002(b)(8) and (b)(9) of The Vehicle Code whereby speed limits had been increased above 55 miles per hour. Signs indicating a speed limit in excess of 55 miles per hour were ordered removed.

Defendant argues that the 55-mile-per-hour speed limit is unenforceable because the secretary failed to comply with the Commonwealth Documents Law of July 31, 1968, P.L. 769, 45 P.S. §§1101, et seq., in ordering the reduction.

The record reveals that a copy of the restriction

promulgated by the secretary had not been deposited with the Legislative Reference Bureau, nor filed by the bureau, nor published in the Pennsylvania Code or Bulletin at any time relevant to these proceedings. We find, therefore, that the 55-mile-per-hour limit as enacted is unenforceable for the reasons as set forth in the case of Commonwealth v. Hyman, No. 69, Criminal Docket 1975 (C. P. of Cumberland County, filed June 24, 1975).

Since the action of the secretary was invalid, the prior existing limit of 65 miles per hour was not effectively revoked. It remained the legal limit even though 55-mile-per-hour speed limit signs were displayed. When the secretary, pursuant to section 1002(b)(9) of The Vehicle Code, created a 60-mile-per-hour zone, where the normal maximum would be 55 miles per hour, the Superior Court held that the posting of signs is directory and not mandatory*: Commonwealth v. Holte, 209 Pa. Superior

---

*The relevant sign requirements of section 1002(b)(8) and (b)(9) are identical:

"(8) The Secretary of Highways may, after due investigation, establish any speed limit on State highways where traffic conditions or other conditions of the highway make it safe to operate motor vehicles at the speeds other than as provided by this act.

"Any such established speed limit shall be indicated by the erection of official signs, spaced not less than one-eighth (⅛) of a mile apart, on the right-hand side of the highway facing the traffic to be controlled, and at the end of the speed zone there shall be an official sign indicating the end of such speed zone, except that on limited access highways the signs shall be placed at the beginning and end of said limited access highways and reasonable intervals in the discretion of the Secretary of Highways.

"(9) Subject to the provisions of subsection (c) of this section, the Secretary of Highways may, after due investigation,

Ct. 498 (1967). Since the rights of defendant here before us had been enlarged by the action of the secretary in originally increasing the speed to 65 miles per hour, he was not prejudiced merely because the posted signs indicated a speed lower than that legally allowable. A 65-mile-per-hour speed limit was, therefore, enforceable: Commonwealth v. Lubin, April term, 1975, Criminal No. 17 (C. P. of Carbon County, filed June 17, 1975).

Nevertheless, defendant cannot be convicted because the citation served on him was defective. Section 1002(e) of The Vehicle Code provides:

"(e) In every information charging violation of this section, reference shall be made to this section and subsection alleged to have been violated, specifying the speed at which the defendant is alleged to have driven."

This requirement applies to charges brought by citation as well: Commonwealth v. Hoover, 23 Cumberland 13 (1972); Pa. R. Crim. P. 52 A. 1(e). The paragraph of subsection (b) should also be included as a necessary requirement to provide defendant notice of the specific speed restriction allegedly violated. Sub-section (b) contains ten different paragraphs regulating speeds in various situations. A defendant driving at an excessively high rate of speed could conceivably be in violation of a number of the paragraphs, yet a reference in

establish certain speed zones with a sixty (60) mile an hour speed limit. . . .

"Any such established speed zone shall be indicated by the erection of official signs, spaced not less than one-eighth (⅛) of a mile apart, on the right-hand side of the highway facing the traffic to be controlled, and at the end of the speed zone there shall be an official sign indicating the end of such speed zone." ·

the citation to the section and sub-section *only* would not inform defendant of the exact nature of his offense. Since the 65-mile-per-hour speed limit was originally enacted under section 1002(b)(8), the citation should be specified a violation of sub-section (b)(8) instead of sub-section (b)(6): Commonwealth v. Carroll, 18 Cumberland 81 (1968). The appeal must, therefore, be sustained.

## ORDER

And now, June 24, 1975, for the reasons set forth, the appeal is sustained and defendant found not guilty; costs to be paid by the County of Cumberland.