# Dimmick v. Banning, Cooper & Company, Ltd., Appellant.

*Contracts—Sale of coke—Contract for year—Monthly deliveries —Maximum and minimum clause—Defenses—Accord and satisfaction—Payment—Set-off.*

1. The mere fact that a creditor receives less than the amount claimed with knowledge that the debtor denies indebtedness beyond that amount, does not in itself constitute an accord and satisfaction. To establish accord and satisfaction payment should be offered in full satisfaction of the debt and be accompanied by acts and declarations amounting to an express notice that the payment

is conditional and if accepted must be received in satisfaction of the claim.

2. In an action for failing to deliver certain coke, as required by a·contract, it appeared that plaintiffs agreed to sell approximately 96,000 to 120,000 tons of coke during a period beginning July 1, 1911, and expiring June 30, 1912, shipments to be made in about equal monthly quantities of 8,000 to 10,000 tons as specified by the buyer. During the first five months the quantity ordered was less than the amount called for by the contract and during such time defendants made settlement with plaintiffs by paying an agreed price per ton on the basis of 8,000 tons per month, as damages suffered through defendant's failure to order the minimum monthly quantity. In December, 1911, and during the remainder of the term of the contract defendants ordered a maximum of 10,000 tons per month. Plaintiffs failed to deliver the full amount ordered during such time. At the expiration of the contract defendants deducted from the final payment damages for such shortages and sent check for the difference. At foot of voucher was a receipt "in full for the above account," followed by the words, "do not detach papers, please sign and return promptly." Plaintiffs cashed check but did not sign and return attached receipt, and subsequently wrote defendants requesting payment of balance. Upon defendants' refusal to pay, plaintiffs brought suit; the defense was set-off, payment, and accord and satisfaction by reason of acceptance of the check. *Held,* (1) under the terms of the contract, until the buyer indicated quantity and place of shipments, the seller could do nothing, and in the absence of express designation of amount by purchaser vendor might insist upon the acceptance of the minimum quantity of 8,000 tons monthly and could assume this to be the amount purchaser elected to take; (2) the action of the defendants at the beginning of the contract indicated election on their part to take the minimum, and by their proceeding for five months under such election the rights and duties of both parties thus became established and defendants were without authority to change the tonnage so fixed; (3) the provisions requiring monthly shipments to be approximately equal was not a limitation or qualification of the provision fixing the quantity the purchaser might elect to take, but was merely a guide for the parties in determining the monthly amounts they must be prepared to accept and deliver.

3. In such case the check attached to receipt "in full for the above account" did not amount to an accord and satisfaction where there was no express statement in the attached letter or elsewhere that the letter and check were to be considered as a compromise of the claim, or that it was tendered as such, or that acceptance thereof would be considered a waiver of plaintiffs' right to the

balance of their claim; but where, on the contrary, the letter expressly stated that payment was made in settlement "of the difference between" the amount of plaintiffs' claim and defendants' loss.

4. In such case the burden was on the defendants to expressly inform plaintiffs of their intention that the check, if accepted, was to be regarded as a satisfaction of the claim.

Argued Oct. 24, 1916. Appeal, No. 84, Oct. T., 1916, by defendants, from judgment of C. P. Allegheny Co., Jan. T., 1913, No. 756, on verdict for plaintiffs in case of J. K. Dimmick and M. Rea Gano, Copartners trading as J. K. Dimmick & Co., selling agents for Francis Rocks and Sunshine Coal & Coke Co., to the use of J. K. Dimmick, M. Rea Gano and F. D. Dimmick, Copartners trading as J. K. Dimmick & Co., selling agents for Francis Rocks and Sunshine Coal & Coke Company, to the use of J. K. Dimmick, Copartners trading as J. K. Dimmick & Co. *v.* Banning, Cooper & Co., Ltd. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.                                              •

Assumpsit for breach of contract for sale of coke. Before FORD, J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiffs for $8,365.15 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment n. o. v.

*J. Merrill Wright,* with him *H. F. Stambaugh,* for appellant.

*Charles Alvin Jones,* with him *Sterrett & Acheson,* for appellees.—Defendant's right under the contract was to receive 96,000 tons of coke during the year in equal monthly quantities of 8,000 tons. The defendant, as buyer, exercised whatever option it had in favor of the

minimum quantity to be delivered under the contract: Xenia Gas Light & Coke Co. v. Gardner, 26 Ohio 584.

It was the seller's and not the buyer's option under the contract to render definite the whole quantity sold for the term: Small v. Quincy, 4 Maine 497; Chippendale, Exec. of Holmes, v. Thurston, 4 Carrington & Payne (Eng.) 98; Metz v. Albrecht, 52 Ill. 491; Standard Sugar Refinery v. Castano, 43 Fed. Repr. 279; Disborough v. Neilson, 3 Johnson's Cases (N. Y.), 81; Highlands Chemical & Mining Company v. Matthews, 76 N. Y. 145; Central Oil Co. of Los Angeles v. Southern Refining Co., 97 Pac. Repr. 177; Dupont De Nemours Powder Co. v. United Zinc & Chemical Co., 89 Atl. Repr. 992.

Tender and acceptance of the check did not constitute an accord and satisfaction: Amsler v. McClure, 238 Pa. 409; Foye v. Lilley Coal & Coke Co., 251 Pa. 409; Societe Anonyme Pour La Fabrication De La Soie De Chardonnet v. Loeb, Lipper & Co., 239 Pa. 264; Alfred M. Slocum Co. v. St. Clair, 52 Pa. Superior Ct. 98; West Point Cotton Mills Co. v. Blythe, 29 Pa. Superior Ct. 642; Martin v. Frantz, 127 Pa. 389.

OPINION BY MR. JUSTICE FRAZER, January 8, 1917:

Plaintiffs agreed to sell and ship coke to defendants under a contract, which, so far as material to the question here involved, provided that: "The seller hereby sells and agrees to ship to the buyer, and the buyer agrees to purchase and receive approximately ninety-six thousand (96,000) to one hundred and twenty thousand (120,000) net tons of 2,000 pounds each of standard 48-hour Connelsville Coke, during the period beginning July 1st, 1911, and expiring June 30th, 1912, shipments to be made as hereinafter set forth." And further, that "Shipments are to be made in about equal monthly quantities of eight thousand (8,000) to ten thousand (10,000) tons as specified by the buyer, and the coke is to be shipped to any point or points that the buyer may elect." At no time was there any specific total or monthly

amount fixed by defendants. Orders, however, were given from time to time in various amounts, and during the first five months the quantity ordered was less per month than the minimum called for by the contract. In these months, defendants made settlement with plaintiffs by paying an agreed price per ton as damages suffered through defendants' failure to order the minimum monthly quantity of 8,000 tons. During this time the market price for coke was less than the price called for in the contract. In December, 1911, the market price became higher and during the balance of the period for which the contract ran the price continued to advance and defendants ordered the full maximum of 10,000 tons per month. Plaintiffs failed to deliver the full amount ordered and at the expiration of the contract were short in their shipments to the extent of 24,658 tons. Defendants wrote plaintiffs notifying them of their intention to deduct, from the final payment for coke shipped, damages for the shortages in shipments, and later again wrote plaintiffs enclosing an itemized statement of the shortages claimed, and enclosed a check for the difference. The second letter also contained a voucher with an itemized statement of all coke unpaid for, a credit of the shortages in each monthly shipment and the total damages deducted from the amount due, showing a balance represented by the amount of the check. At the foot of the voucher was a receipt "in full for the above account" followed by the words "do not detach papers; please sign and return promptly." The letter, check and voucher were attached together with a paper fastener. Plaintiffs cashed the check but did not sign or return the receipt, and subsequently wrote defendants requesting payment of the balance. Upon defendants' refusal to pay, this action was brought, the defense being set-off, payment and accord and satisfaction by reason of the acceptance of the check. At the trial plaintiffs offered evidence to show their failure to ship the full amount of tonnage ordered was due to the insufficient production

of their mines and their inability to obtain ample labor to operate their mines at full capacity, averring they were relieved by these circumstances under a clause in the contract providing that shipments were subject to "fires, strikes, accidents, car supply or any causes beyond the control of either buyer or seller." This testimony was submitted to the jury with instructions that if plaintiffs were prevented from performing their contract by causes beyond their control, and defendants were given a fair pro rata share of plaintiffs' actual production, plaintiffs were entitled to recover the full amount of their claim. The jury returned a verdict for plaintiffs for $8,-365.15, and as the total amount of their claim was $13,-561.90 they apparently found against plaintiffs on this question. A motion for a new trial and for judgment non obstante veredicto followed, and a new trial ordered. By subsequent agreement of counsel, however, the motions for a new trial and judgment non obstante veredicto were reinstated and the rule for a new trial withdrawn. A stipulation was then filed in which the parties fixed the correct amount of plaintiffs' claim, less defendants' counterclaim for damages in so far as plaintiffs failed to ship the minimum quantity of 8,000 tons per month, at $7,400, whereupon the rule for judgment non obstante veredicto was overruled and judgment entered in favor of plaintiffs for this amount. The questions for consideration are those relating to the refusal of the court to enter judgment for defendants non obstante veredicto because of plaintiffs' failure to ship the full maximum amount of tonnage ordered by defendants.

The contract is an entire one for a quantity of coke between specified maximum and minimum amounts, to be shipped in "about equal" monthly installments as specified by the buyers, and to such places as may be designated. Until the buyers indicated the quantity and place of shipment the sellers could do nothing. The burden of making the first move was, by the express terms of the contract, placed on defendants. At their option they

might take the entire amount of 96,000 tons, or the maximum amount of 120,000 tons or any intermediate quantity. The vendors were bound to hold themselves in readiness to make shipments as ordered upon receiving notification by the purchasers of the quantity they elected to take. In the absence of express designation of amount by the purchasers, the vendors might insist upon acceptance of the minimum quantity of 96,000 tons, approximating 8,000 tons monthly, and consequently were entitled to assume this to be the amount the purchasers elected to take and they were bound to be prepared to make deliveries on this basis. Both parties recognized and adopted the minimum quantity as the basis of their dealings and for the first five months made settlement accordingly, the purchasers paying damages founded upon quantities less than the minimum. This mutual construction of the agreement acquiesced in for such length of time is the best evidence of the intention of the parties, and neither can now insist upon a different interpretation of its terms: Sherman v. Consolidated Dental Mfg. Co., 202 Pa. 446. The provision requiring monthly shipments to be approximately equal is an important one in a contract of such magnitude, otherwise performance by the vendors might be made impossible if the vendees should call in any one month for a large delivery. This provision accordingly cannot properly be construed as a limitation or qualification of the first paragraph of the contract fixing the quantity the purchaser might elect to take. It is merely a guide for the parties in determining the monthly amounts they must be prepared to accept and deliver. The action of defendants at the beginning of the contract indicated an election on their part to take the minimum called for in the contract and for five months they proceeded under such election. The rights and duties of the parties thus became established and defendants were without authority at a subsequent time, unless with the consent of plaintiffs, to change the tonnage so fixed.

The circumstances under which the payment by defendants was made and accepted do not constitute an accord and satisfaction of the whole balance due plaintiffs. The mere fact that a creditor receives less than the amount claimed with knowledge that the debtor denies indebtedness beyond that amount, does not in itself constitute an accord and satisfaction: Amsler v. McClure, 238 Pa. 409, 414. To establish accord and satisfaction, payment should be offered in full satisfaction of the demand and be accompanied by acts and declarations amounting to express notice that the payment is conditional and if accepted must be received in satisfaction of the claim: Societe Anonyme Pour La Fabrication De La Soie De Chardonnet v. Loeb, Lipper & Co., 239 Pa. 264; Foye v. Lilley Coal & Coke Co., 251 Pa. 409, 417. The letter written by defendants contained an account and concluded with the statement "We therefore beg to enclose herewith voucher and check for $2,042.51, being the difference between our loss of $13,561.70 and your invoices of May and June shipments. Kindly sign voucher, returning same, and oblige." The check was in the ordinary form. The voucher merely set forth the items showing the balance due from defendants, from which was deducted the amount claimed by them as damages. The receipt at the end was "in full for the above account." This is the only clause on which a claim of accord and satisfaction can be based. We find no express statement in the letter or elsewhere to the effect that the check, if accepted, would be considered as a compromise of the claim, or that it was tendered as such, or that acceptance thereof would be considered a waiver of plaintiffs' right to the balance of their claim. On the contrary the letter expressly states the payment was made in settlement of "the difference between" the amount of the plaintiffs' claim and defendants' loss. In view of this statement, the clause in the receipt reciting the check to be "in full for the above account," merely amounts to a receipt in full for the balance of the ac-

count and leaves no room for the contention of a tender as a compromise in settlement of the entire claim of plaintiffs. The letter and receipt together, therefore, lacked the essential element of notice of a tender in full satisfaction of plaintiffs' claim, This may in fact have been the intention of defendants. The burden, however, was on them to expressly inform plaintiffs of such intention, either by express words or by circumstances conclusively establishing such intention. Not having done so, their check was merely a payment of part of the undisputed claim and does not bar plaintiffs from suing for the balance. The case on its facts is similar to Zeigler v. McFarland, 147 Pa. 607, where plaintiff held defendant's note given for the purchase-money of a horse, and in paying the note defendant remitted a certain sum in cash and a receipted bill for the use of the horse while in plaintiff's hands, the two amounts aggregating the face of the note. There was no express statement, however, that payment was made on condition that the amount remitted should be accepted in full for the note, and it was held there was no accord and satisfaction. Polin v. Weisbrot, 52 Pa. Superior Ct. 312, was a dispute over the correct amount of plaintiff's bill and the communication stated the accompanying check was sent in settlement of the account in accordance with the statement submitted, with the words at the bottom, "please receipt and return." In the present case the letter merely contained notice that the check was in payment of "the difference between" plaintiffs' account which was admitted and a demand arising by way of set-off or counterclaim. Under these circumstances we must hold the notice to plaintiffs was insufficient to establish an acceptance of the check as a payment of the balance of their claim.

The judgment is affirmed.