# Pennsylvania Railroad Company *v.* A. J. Cameron & Co., Appellant.

*Carriers — Common carriers — Bills of lading — Contracts — Freight—Transportation charges.*

One who, through the assignment to him of a bill of lading, receives property which had been shipped thereon, thereby binds himself to the payment of the freight charges established by law, or fixed by the terms of the bill of lading.

The assignee of bills of lading, upon which were endorsed conditions as to the rate of exchange applicable to the payment of ocean freight charges, in accepting assignment of such bills of lading and using them to obtain the goods, obligates himself to pay the charges at the rates indicated.

*Accord and satisfaction—Receipt "in full settlement"—Freight charges.*

Acceptance by plaintiff's agent of an amount "in full settlement" on a bill for freight charges, the amount being at a lower rate than was specified in the bill of lading, does not support an allegation of accord.

If it be sought to establish accord and satisfaction, payment should be made in full satisfaction, and be accompanied by acts and declarations amounting to express notice that the payment is conditional, and, if accepted, must be received in satisfaction of the claim.

Argued October 17, 1921. Appeal, No. 216, Oct. T., 1921, by defendants, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1920, No. 277, making absolute rule for judgment for want of a sufficient affidavit of defense, in the case of the Pennsylvania Railroad Co. v. Alpin J.

498 PENNA. R. R. CO. *v.* A. J. CAMERON & CO., Appellant.

Cameron, William B. Denegre, and Alpin W. Cameron, trading as A. J. Cameron & Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit to recover balance of freight charges. Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.

The court made absolute the rule. Defendants appealed.

*Error assigned* was the order of the court.

*M. B. Saul,* of *Saul, Ewing, Remick & Saul,* and with him *Allen S. Olmsted, 2d,* for appellants.—The affidavit of defense contained specific denial of all the material allegations of the statement: Eberbach v. Clyde Steamship Co., 74 Pa. Superior Ct. 79.

The receipt given was in accord and satisfaction, and is a bar to any further claim: Bernstein v. Hirsch, 33 Pa. Superior Ct. 87; U. S. Casualty Co. v. Mather, 67 Pa. Superior Ct. 42; Washington Natural Gas Co. v. Johnson, 123 Pa. 576.

The legal freight rate is the rate filed, not the rate named in a bill of lading: Kansas City So. Ry. Co. v. Albers Commission Co., 233 U. S. 573.

*Francis B. Biddle,* and with him, *Sharswood Brinton,* for appellee.—Accord and satisfaction must be supported by consideration and meeting of minds: Martin v. Frantz, 127 Pa. 389; Fidelity Trust Co. v. Carson, 28 Pa. Superior Ct. 418; West Point Cotton Mills v. Blythe, 29 Pa. Superior Ct. 642.

OPINION BY HENDERSON, J., March 3, 1922:

The appellants challenge the legality of the judgment entered against them on a rule for judgment for want of a sufficient affidavit of defense. The action was brought to recover a balance alleged to be due for the freight charge for transportation of a cargo of wool shipped from Australia and consigned to Hind, Rolfe & Co., agents, or to the order of Brown Brothers & Company. The destination of the freight was Philadelphia. Transportation was by ship to San Francisco and thence by rail. Two bills of lading accompanied the cargo and these were endorsed to the defendants who accepted the wool and thereby became the owners of it and liable for the payment of the transportation charges. One of the conditions of the bills of lading was that the freight from Australia to San Francisco which was stated in pounds sterling should be payable at the rate of $4.86 66/100 per pound. The initial railroad carrier, as alleged in the statement of claim, paid the ship company for the water transportation. The shipment from San Francisco was at the established rate over connecting lines. The plaintiff was the terminal carrier. The total amount due for freight according to the terms of the bills of lading was $7,360.86. The defendants paid to the plaintiff $7,055.95 in three installments—the last of which was $197.59 made July 25, 1916, at which time the plaintiff's agent gave a receipt in full in settlement of the freight account. This left a balance on the freight charge of $304.91 which the defendants declined to pay, their contention being that the payment should be at the current rate of exchange, according to which the amount already paid was a satisfaction of the freight charge. The defendants introduced two defenses in their affidavit: (1) a denial that the bill of lading as originally made contained the condition fixing the rate of exchange; and (2) that the payment to the defendant of the balance of the freight according to their contention and the receipt by the defendant of the amount tendered

in full settlement of the account was an accord and satisfaction. There can be no doubt of the right of the steamship company to contract for the cost of transportation with the consignor of the merchandise. If the provision for the rate of exchange was a part of the contracts as entered into by the shipper, that agreement is binding on the consignees who acquired title through the bills of lading which fixed the rate. The statement of claim alleges that the water rates specified in the bills of lading and the rate of exchange were agreed to by the parties to the bills of lading. With respect to this averment the affidavit states that "defendants have no knowledge or means of knowledge when the words 'freight if payable at destination to be at the rate of $4,86 66/100 exchange' were stamped on the bills of lading referred to in the third and fourth paragraphs of the statement of claim, and I therefore deny said words were a part of either of said bills of lading when issued.

"I deny that the rate of exchange set forth in the said bills of lading was agreed to by the consignor or became binding on the defendants as I do not believe the same was a part of either of said bills of lading when issued." With respect to the averment of payment of the initial carrier of the steamship freight bill at the rate of exchange of $4,86 66/100 per pound sterling, the affidavit states the defendants have no knowledge or means of knowledge of the averments contained in the plaintiff's statement and therefore deny the same. It will be observed, however, that the affidavit contains no denial that the bills of lading were in the form set forth in the statement of claim when they were endorsed and delivered by Brown Brothers to the defendants. The right of the latter to the possession of the property came through this endorsement and delivery of the bills of lading, and in obtaining the merchandise from the carrier they asserted the very contract, a part of which they now seek to repudiate and annul. The averment that the provision as to the rate of exchange was not on the bills

of lading when they were executed does not answer the allegation of the statement of claim that they were in their present form when the defendants acquired the right to demand the freight, and it was by the endorsement and delivery to the carrier of these bills that they secured the merchandise. We consider the doctrine well established that one who through the assignment to him of a bill of lading receives the property, thereby binds himself to the payment of the freight charges established by law or fixed by the terms of the contract under which the property is acquired from the carrier: Phila. & Reading R. R. Co. v. Baer, 56 Pa. Superior Ct. 307; W. J. & Seashore R. R. Co. v. Whiting L. Co., 71 Pa. Superior Ct. 161. That the defendants asserted dominion over the property covered by the bills of lading is conceded. It must also be conceded that the plaintiff was bound to deliver the freight on demand by the holder of the title as exhibited in the bills of lading in the absence of notice of some higher right in another. Moreover, the contracts for transportation provided that the freight should be payable at the destination. It was a prime obligation therefore of the defendants to make payment of the freight as a condition precedent to the removal of the property if so required by the carrier. In accepting the assignment of the bills of lading with the freight charge endorsed thereon and using the same to obtain possession of the goods from the carrier, there was an implied obligation to pay according to the tenor of the bills of lading as delivered to the plaintiff. There is no allegation of fraud nor is any consideration of public policy involved which forbids the enforcement of the contract. In this view of the case it is our judgment that the defendants cannot be heard to deny that the agreement for freight was as expressed in the contracts which they used to acquire the merchandise.

We come then to the second line of defense. The defendants contend that the payment by them of the amount they admitted to be due and the acceptance of

that amount by the railroad company is an accord and satisfaction. As the payment of the ocean freight by the initial carrier as set forth in the statement of claim is not sufficiently denied, the defendants are bound by such payment, and the carrier is entitled to reimbursement for the advance made to the steamship company. As we have seen the amount called for by the bill of lading was definite and liquidated. None of the averments of the affidavit are sufficient to impeach the bills of lading according to their terms, and as has already been observed, the railroad rates were so established that they could not be changed by the agreement of the carrier and shipper: Phila. & Reading R. R. Co. v. Baer, supra. There was no substantial dispute therefore between the defendant and the plaintiff. The mere assertion by the latter that the bill was not correct is not a basis of fact to support an accord. Nor did the acceptance by the plaintiff of a less amount than the defendants were bound to pay discharge the latter's obligation. The defendants' statement that the freight charge should have been $7,055.95 and the accompanying receipt of the plaintiff's agent, "Received of A. J. Cameron and Company One Hundred and seven and ninety-five one-hundredths dollars in full settlement of above account," have no more effect than a receipt in full. If it be sought to establish accord and satisfaction, payment should be made in full satisfaction of the claim and be accompanied by acts and declarations amounting to express notice that the payment is conditional and if accepted must be received in satisfaction of the claim: Dimmick v. Banning, Cooper & Co., 256 Pa. 295. In that case there was a receipt "in full for above account," but it did not appear that the check accepted was to be considered as a settlement of a disputed claim, and that it was tendered as such, or that the acceptance thereof would be regarded as a waiver of the balance of the claim. Numerous cases are to the same effect and are sufficient as applied to the facts pre-

sented in the pleadings to sustain the action of the court below in entering the judgment appealed from. .

There is strong support to the position of the plaintiff that the defendants having obtained possession of the merchandise through the bills of lading are estopped from denying that they hold the property according to the terms thereof, but it is unnecessary to enter into a discussion of that view of the case. The judgment is adequately sustained by the application of the law to the facts appearing in the pleadings on the reasoning adopted by the court below.

The judgment is affirmed.