## Snowiss *v.* Elias Loeb & Co., Appellants.

*Accord and satisfaction—Part payment—Acceptance.*

In an action of assumpsit to recover a balance due upon an account for merchandise, where defendant asserts an accord and satisfaction, the burden is on him to prove such a state of facts as clearly produces that result.

It is not sufficient that the plaintiff received and accepted a check, for a smaller amount than his claim, accompanying which was a letter explaining that it was "for the balance due you on account of your recent shipment of calf skins."

When one seeks to establish accord and satisfaction, payment should be tendered in full discharge of the demand and be accompanied by acts and declarations amounting to express notice that the payment is conditional, and, if accepted, must be received in satisfaction of the claim.

Argued November 13, 1922.   Appeal, No. 185, Oct. T., 1922, by defendants, from judgment of C. P. Lycoming Co., Sept. T., 1921, No. 64, on verdict for plaintiff in the case of Jacob Snowiss v. Charles R. Lieb and Morris Levy, Copartners, trading under the firm name of Elias Loeb & Company.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit to recover balance alleged to be due on account.   Before WHITEHEAD, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,090.95 and judgment thereon.   Defendants appealed.

*Errors assigned* were refusal to give binding instructions for defendant and the order of the court refusing defendant's motion for judgment non obstante veredicto.

*N. M. Edwards,* for appellants.—The facts do not present a case to which the usual rules with reference to

accord and satisfaction are applicable, for the reason that this was an unliquidated claim, and the cases from which the rules pertaining to accord and satisfaction have been derived are cases where the claim or debt has been liquidated.  The real issue in this case is whether or not there was a compromise settlement of an unliquidated claim: Nassoiy v. Tomlinson, 148 N. Y. 136; Worcester Color Co. v. Henry Woods & Sons Co., 209 Mass. 105; Seeds, etc., Co. v. Conger, 83 Ohio 169.

*Max L. Mitchell,* for appellee.—When the defendants' contention that there had been an accord and satisfaction was submitted to the jury they received the most favorable treatment which it was possible to extend them.  The defendants had the burden of establishing an accord and satisfaction and did not meet that responsibility: Bernstein v. Hirsch, 33 Pa. Superior Ct. 87; Penna. R. R. Co. v. Cameron & Co., 78 Pa. Superior Ct. 497; Dimmick v. Banning, Cooper & Co., 256 Pa. 295.

OPINION BY HENDERSON, J., March 2, 1923:

The plaintiff's action was brought to recover a balance due on a sale of calf skins alleged to have been made to the defendants.  After the delivery of the merchandise on the defendants' order a payment of $2,000 was made on account.  Shortly thereafter the defendants sent to the plaintiff a check for $2,542.27 accompanying which was a letter in the form following:

"ELIAS LOEB & COMPANY,
"Importers, Dealers, Commission Merchants
"Hides, Tallow, Etc.
"Philadelphia, U. S. A., April 30, 1921.
"Mr. J. Snowiss,                        Saturday, A. M.
"Williamsport, Pa.

"Dear Sir: We herewith enclose you statement and check for the balance due you on your recent shipment of calf skins.

"Our party did not expect to get any old skins at all, and rather than have him ship them back, we allowed him the freight, and we feel that we have made a very good trade for you. Fresh skins are easily sold, but old ones no one wants.

"With best regards, we remain,
"Very truly yours,

"4-6-2                    "Elias Loeb & Company,
"Encl-ck                              "M. Levy."

The "statement" referred to in the letter was in the form of an account exhibiting the quantity, quality and price of the hides. At the bottom of the statement were the words "please receipt and return." The plaintiff credited the defendants with the amount of the check, but did not return the statement receipted for the reason as alleged by him the transaction was a sale to the defendants at the flat price of $1.20 a skin. The plaintiff testified that he met Mr. Levy, one of the defendants, three or four days after the receipt of the second check, and told him the skins were not sent subject to selection, but were sold "flat" and that the defendants were "short over a $1,000" to which Mr. Levy replied that he couldn't tell about that now, but that he would look it over and let the plaintiff know, which he failed to do. The defendants' allegation was that because of the inferior quality of the property, they only took it on the condition that it should be sold for the best price obtainable and subject to inspection. They further contended that by the acceptance of the second check sent to the plaintiff an accord and satisfaction was effected by which the plaintiff was bound. The latter question is the only one presented for our consideration in the assignments of error; the question of the character of the sale having been disposed of by the jury adversely to the defendants' position. The case is therefore distinctly limited to the inquiry whether the acceptance of the defendants' check in connection with their letter and statement had the

effect to discharge them from further liability in the transaction. In asserting the accord and satisfaction, the effect of which would be to relieve them from the payment of the whole of the plaintiff's demand, the burden is on the defendants to prove such a state of facts as clearly produces that result. It is not sufficient that a creditor receives less than the amount which he claims with knowledge that the debtor denies all further liability. Where one seeks to establish accord and satisfaction payment should be tendered in full discharge of the demand and be accompanied by acts and declarations amounting to express notice that the payment is conditional, and if accepted must be received in satisfaction of the claim. Our cases are all to the effect that the debtor's intention to make the tender final and conclusive of the creditor's demand must be communicated by express notice or by the equivalent thereof, and also that the payment tendered is conditional on its acceptance according to that intention. We think it is only necessary to refer to Foye v. Lilley C. & C. Co., 251 Pa. 409; Dimmick v. Banning, Cooper & Co., 256 Pa. 295; Bernstein v. Hirsch, 33 Pa. Superior Ct. 87, and Penna. R. R. Co. v. Cameron & Co., 78 Pa. Superior Ct. 497, in support of the rule above stated. The check for the balance admitted to be due was in the ordinary form and the letter accompanying it made no reference to the payment except that it was "for the balance due you on your recent shipment of calf skins." Without more this was merely a declaration of the understanding of the defendants that this was the amount due on their contract. There is no request that the check be returned if not satisfactory, or notice that the acceptance of it by the plaintiff would be treated as a satisfaction of any claim which he had growing out of the sale. No other evidence supports the position taken; but on the contrary the testimony of the plaintiff was directly to the effect that when he met Mr. Levy two or three days later, he notified him that the check was not in satisfaction of the whole

claim.  The evidence exhibits a case not distinguishable from Dimmick v. Banning, supra.  It lacks proof of direct notice to the plaintiff that the delivery of the check was conditional, nor does it present a state of facts from which an implication to that effect necessarily arose. There had been no dispute between the parties up to the time when the second check was delivered, and so far as may be inferred from the evidence, the defendants supposed that it was a full payment of their obligation.  It was not tendered conditionally, nor for the purpose of creating an estoppel in the event that it was accepted by the payee.  The court had not sufficient warrant therefore to instruct the jury that the acts of the parties amounted to accord and satisfaction.  We have only referred to some of the more recent Pennsylvania authorities on the question presented.  In some of the cases from other jurisdictions cited by the learned counsel for the appellant, the rule as to the conditional character of the payment by the debtor is perhaps not so strictly enforced as in this State, but we must apply the law as established by our adjudicated cases.

In view of what has already been said it is unnecessary to consider the appellee's proposition that the appellant's contention under his assignments is not raised by the pleadings.

The judgment is affirmed.