# Auslander *v.* Shore, Appellant.

*Vendor and vendee—Contracts—Agreement to compromise—Accord and satisfaction.*

In order to make an agreement of settlement an effective barrier to the right of a plaintiff to recover, the defendant must not only establish the agreement, but also that he had performed or tendered performance of the covenants into which he had entered. It is not enough to defeat the original cause of action that there be a clear agreement upon terms of settlement, but the agreement must be performed, or performance duly tendered, before it can be pleaded as an accord and satisfaction.

In an action of assumpsit for goods sold and delivered, a judgment in favor of the plaintiff will be affirmed, where the defense advanced was an agreement of settlement, which, under the evidence, was never carried out.

Submitted October 22, 1924. Appeal, No. 156, Oct. T., 1924, by defendant, from judgment of Municipal Court of Philadelphia, March T., 1923, No. 558, in favor of plaintiff in the case of Nathan Auslander and Jacob Auslander, Copartners, trading as Nathan Auslander & Son, v. Max I. Shore, trading as Shore's Jobbing House. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before LEWIS, J., without a jury.

The facts are stated in the opinion of the Superior Court.

Judgment in favor of plaintiff in the sum of $209.85. Defendant appealed.

*Errors assigned* were the findings of the court and refusal of defendant's motion for judgment non obstante veredicto.

*James Yearsley,* and with him *Illoway. and Felix,* for appellant.—The court should have enforced the agreement to compromise: Holmes v. Cameron et al., 267 Pa. 90; Navassa Co. v. Commercial Co., 18 SE 1000.

If the original cause of action be compromised by an agreement, the defendant cannot in a suit on the agreement recur to the original ground of controversy: Hendel et al. v. Turnpike Road, 16 S. & R. 92; Williamson v. Dean, 38 S. W. 1024; 5 Ency. of Forms of Procedure 29; 2 P. & L. 3216; 2 P. & L. 3218.

*James A. Mahoney,* and with him *Thomas J. Minnick, Jr.,* for appellee, cited: Shubert v. Rosenberger, 204 Fed. 934.

OPINION BY PORTER, J., December 12, 1924:

This is an action of assumpsit to recover for goods sold and delivered. The defendant filed an affidavit of defense asserting that a part of the goods were not according to sample and offering to return one hundred and thirty-one dozen Christmas tree holders. He subsequently filed a supplemental affidavit of defense averring that during the pendency of the action he and the plaintiff had entered into an agreement to compromise and settle the action, the defendant agreeing to pay the sum of $100 and return the tree holders in dispute, but that the plaintiff had failed and refused to carry out said agreement. The defendant upon the trial produced evidence tending to establish that he and the plaintiff had agreed upon the terms of a settlement which should be made, the defendant to pay the plaintiff $100 and return the one hundred and thirty-one dozen Christmas tree holders. The plaintiff, however, produced evidence which, if believed, established that the defendant had failed to comply with the terms of the alleged agreement of settlement and instead of offering to return the one hundred and thirty-one dozen. Christmas tree holders had insisted that the plaintiff should accept only the

number which the defendant then had on hand whether it was ten, forty or fifty dozen, and that for this reason the attempt to settle and compromise had totally failed. The learned judge of the court below, the case being tried without the aid or intervention of a jury, believed the testimony of the plaintiff and entered judgment in his favor, from which judgment the defendant appeals.

It is contended on behalf of the defendant that the unexecuted agreement to compromise the litigation put an end to plaintiff's original cause of action; that the plaintiff could not recover upon his original contract for goods sold and delivered, but must begin a new action seeking to recover for the failure of the defendant to comply with the agreement to compromise the original action, if such failure there had been. This position is not well taken. It is not enough to defeat the original cause of action that there be a clear agreement upon terms of settlement, but the agreement must be performed, or performance duly tendered, before it can be pleaded, as an accord and satisfaction. The question in this case was not whether the parties had negotiated with regard to a settlement of the controversy, but whether by the terms of the agreement, testified to by the witnesses, the plaintiff had relinquished the claim for which the suit was brought: Williams v. Crystal Lake Water Co., 191 Pa. 98. In order to make an agreement of settlement an effective barrier to the right of a plaintiff to recover, the defendant must not only establish the agreement, but also that he had performed or tendered performance of the covenants into which he had entered: Jones v. Railroad Company, 143 Pa. 374; Brown v. Spofford, 95 U. S. 474; Early v. Rodgers, 16 Howard 599. The court did not err in holding that the compromise agreement, which the defendant had failed to perform, did not constitute a bar to the plaintiff's right to recover in this action.

The judgment is affirmed.