## JACKSON v. O. HOMMEL CO.
### No. 7516.

District Court, W. D. Pennsylvania.
March 28, 1934.

Smith, Buchanan, Scott & Gordon, of Pittsburgh, Pa., for plaintiff.

Weil, Christy & Weil, of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The instant action is one of assumpsit to recover the alleged balance of compensation which the defendant had agreed by written contract to pay the plaintiff. The jury found in favor of the plaintiff, and the defendant has moved for a new trial. The reason assigned in the motion which calls for serious consideration is to the effect that the court erred in not instructing the jury to find a verdict in favor of the defendant. Two main reasons are advanced by the defendant in support of its motion; first, that the evidence disclosed accord and satisfaction of plaintiff's claim, and, second, that plaintiff failed to tender his services contemplated by the contract after receipt of a certain communication from the defendant.

The evidence disclosed that plaintiff had been employed by the defendant as a director of sales for a period of two years at a salary of $8,000 a year, and that his services under the contract ceased on August 22, 1932. The plaintiff asserted that the president of the company, prior to August 22, 1932, at several times requested him to consent to a reduction of his salary, which request was refused by plaintiff. He testified that the president of the company, on the date last mentioned and in the presence of the secretary and treasurer of the company, angrily told him that he was discharged, and the other officer ordered him off the premises. He alleges that thereupon he demanded of the president a letter notifying him of his discharge, which the president promised to give him later in the day, but which was not forthcoming upon his return to the office, at which time the president was absent. The next day he received a letter from the company which contained the following: "As we suggested to you in our conversation today, we had thought it would be more satisfactory to you to continue in our employ until such reasonable time as you had secured another position. However, in view of your expressed preference to have your resignation take effect immediately, the same is hereby accepted, and we are enclosing herewith check payable to your order in the sum of $253.93. The aforesaid sum represents expense adjustment, together with balance of salary for the month of August to which you would have been entitled on August 31, 1932, had you continued in our employ."

This letter contains the substance of the defendant's contentions in respect to the circumstances of the severance of relations between the plaintiff and defendant, and forms the basis for its claim of accord and satisfaction; it being admitted that the plaintiff cashed the check. Upon receipt of the letter from defendant, plaintiff wrote the latter denying his resignation and stating, in substance, that the check was received in payment of his salary to the end of the month, but was not accepted in full payment of the obligations of the defendant to him. The voucher accompanying the check stated in effect that the amount of the check was for salary and expenses to August 31, 1932.

The main question for decision of the court at the trial was whether the language of the letter, under all the circumstances, was such as to give the plaintiff express notice that the payment was tendered in full satisfaction of the plaintiff's entire claim, or was conditional, and, if accepted, must be received in full satisfaction of his claim. The same matter is raised by the present motion.

Accord and satisfaction is a contract, and to be binding required the meeting of the minds of the parties. It can never be implied from language of doubtful meaning. Lovekin v. Fairbanks, Morse & Co., 282 Pa. 100, 127 A. 450; Dimmick v. Banning, Cooper & Co., 256 Pa. 295, 100 A. 871.

A reconsideration of the language of the defendant's letter transmitting the check has not satisfied us that we were in error in not holding that the letter was an express notice that the payment was conditional and if accepted must be received in full satisfaction of the plaintiff's claim.

The second serious question raised by defendant was as to the effect of plaintiff's failure, after receipt of the letter, quoted supra, and of a subsequent letter reiterating the statements of the quoted letter, to offer to fulfill his part of the contract. Defendant asserts that it was the duty of plaintiff to tender his services, and, failing to do so, he is precluded from a recovery of salary for the remainder of the period covered by the contract. The court, in effect, instructed the jury that the plaintiff could not recover a verdict if the subject-matter of the letter of defendant was written in good faith, but submitted that question to the jury. It will be remembered that the plaintiff had positively testified to an absolute unconditional discharge of him by the president of the company, and that he had been ordered from the premises by another officer. Other testimony had been introduced by him which tended to confirm his version of the matter and to deny the defendant's allegation that plaintiff had voluntarily resigned his employment. The jury evidently accepted plaintiff's contention that he had been unconditionally discharged, and, so finding, they were justified in further finding that any tender of his services by him would have been a vain act.

A review of the case has not satisfied us that we were in error in submitting the case to the jury, and therefore the motion for a new trial will be refused.