708

## Fred Medart Manufacturing Company v. McCabe et al.

*Hallman & Pearlstine*, for plaintiff.

*H. L. Haws*, for defendants.

KNIGHT, P. J., December 28, 1934.—The verdict was for the defendants, and the plaintiff has filed motions for a new trial and for judgment n. o. v.

The facts are unusual. The parties had entered into an agreement, under which the plaintiff furnished and installed certain lockers. In the fall of 1932 there was a balance of the contract price unpaid, amounting to $410.25. The plaintiff pressed for payment. The defendants claimed that they had furnished labor and machinery in doing certain work which the plaintiff should have done under its contract. For these services, defendants demanded a credit of $46.60. On December 28, 1932, defendants sent their check to plaintiff, drawn on the Commercial National Bank of Philadelphia, for $363.65, representing the admitted balance of the contract price of $410.25, less the credit claimed of $46.60. The check contained the words: "Payment in full of acct. of Ardmore job."

Upon receipt of the check, the uncontradicted evidence shows, the representatives of the plaintiff called upon the defendants within 1 week, and told them the check could not be accepted as payment in full. The plaintiff did not return the check to the defendants, nor did the defendants demand its return. The representative of the plaintiff testified, without contradiction, that he called upon the defendants from 15 to 20 times, between December 28, 1932, and March 3, 1933, for the purpose of trying to effect a settlement and get a payment of the full amount of plaintiff's claim. On March 3, 1933, the plaintiff wrote defendants, disputing the credit claimed by the defendants. The letter reading in part as follows: "We are holding your original check No. 808 awaiting remittance to cover this arbitrary deduction. Please give this matter your immediate attention and let us have remittance or information as to your intentions regarding this matter."

On March 4, 1933, the banks of the United States were closed by order of the President.

On March 14, 1933, at the close of the bank holiday, the plaintiff determined to allow the credit of $46.60, as claimed by the defendants, and deposited the check for $363.65. The bank on which it was drawn, Commercial National Bank of Philadelphia, did not open, but was placed in the hands of a con-

servator. The defendants' check has never been paid, nor has the plaintiff received any part thereof.

The plaintiff in this suit sought to recover the sum of $363.65, with interest. The defense was payment on the ground that the plaintiff was grossly negligent in not presenting the check of defendants for payment, and that it worked an accord and satisfaction.

In order to establish an accord and satisfaction, payment must be made in full settlement, and accompanied by declarations amounting to notice that it is conditional, and if accepted must be received in full settlement: Pennsylvania R. R. Co. v. A. J. Cameron & Co., 78 Pa. Superior Ct. 497.

Receipt of a smaller sum in payment of a claim does not constitute accord and satisfaction unless it is fully understood it is taken in full satisfaction thereof: Dillon's Estate, 269 Pa. 234.

The accord and satisfaction, in order to extinguish the debt, must be fully executed: Auslander v. Shore, 84 Pa. Superior Ct. 164; Butler Brothers v. Duca, 3 Erie 281; North Penn Motor Co. v. Quackenbush et al., 24 Lack. Jur. 205.

Let us apply these well established principles to the facts of the present case.

There can be no doubt, that the check sent by the defendants to the plaintiff on December 28, 1932, bearing the words "Payment in full of acct. of Ardmore job," was intended as a full settlement of the plaintiff's claim, and there can be no doubt that it was deposited by plaintiff on March 14, 1933, with that understanding. The check, however, was never paid, the accord and satisfaction was not completed, unless it can be shown that the plaintiff had a duty promptly to deposit the check.

The trial judge instructed the jury that it was the duty of the plaintiff to return the check to the defendants unless a bona fide dispute existed and negotiations were in progress to settle it. This was very fair to the defendants, for it may be questioned if the mere retention of the check, without using it, amounted to an acceptance of it: Campbell v. Great Eastern Casualty Co., 48 Pa. C. C. 18; Bailey v. Craig, 68 Pitts. 715. Here, all the evidence shows that the defendants were notified within a few days of December 28, 1932, that the check would not be accepted in full.

In order to reach a verdict for the defendants, the jury must have found either that there was no bona fide dispute between the parties as to the account, or that the plaintiff accepted the compromise before March 14, 1933. We have carefully examined this record and can find no evidence upon which such a finding could be based in either case. If no bona fide dispute existed, then the tender of the lesser sum was no satisfaction of the greater amount. The uncontradicted evidence shows that a dispute did exist, and that it continued until March 14, 1933, when the plaintiff agreed to accept the defendants' offer of settlement.

Under all the evidence, we are of the opinion that there was no duty on the part of the plaintiff promptly to deposit the defendants' check, and that the trial judge should have granted the plaintiff's motion for binding instructions.

And now, December 28, 1934, the motion for judgment n. o. v. is allowed, and it is directed that judgment be entered for the plaintiff, and against the defendants, for the sum of $408.97.