## Ochs, Appellant, v. Reynolds.

470

Argued April 12, 1944. Before KELLER, P. J., BALD-
RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*J. Perry Eckels,* with him *John A. Bolard,* for appellant.

No. one appeared or filed a brief for appellee.

OPINION BY RHODES, J., July 15, 1944:

In this action in assumpsit brought by plaintiff to recover for lumber alleged to have been sold and delivered to defendant the jury found for defendant. Plaintiff has appealed from the judgment.

Plaintiff at the trial offered in evidence those paragraphs of the plaintiff's statement of claim which were admitted or not denied in the affidavit of defense, the corresponding paragraphs of which were likewise offered. Paragraph 3 of the plaintiff's statement and the corresponding paragraph of the affidavit of defense were among those offered and received in evidence. In paragraph 3 of the statement it was averred that from and including August 15, 1941, to August 29, 1941, at the order and request of defendant, plaintiff sold and delivered to defendant quantities of lumber on the dates, in the amounts, and for the prices set forth in plaintiff's books of original entry, a true and correct copy having been attached to the statement and marked Exhibit A.[1]  In the corresponding paragraph of the

---

[1] The items appearing in Exhibit A total $542.75, and were charged to defendant on August 15, 20, 26, and 29, 1941. The

affidavit of defense appears, inter alia, the following:

"3. Paragraph 3 of the Plaintiff's Statement of Claim is denied, and the defendant demands strict proof thereof.

"In further answer thereto the defendant admits that the plaintiff did, from August 15, 1941, to and including August 26, 1941, at the request of the defendant, sell and deliver to the defendant, certain lumber in accordance with Exhibit 'A' attached to the Plaintiff's Statement of Claim, but denies that any part of said amount remains unpaid and that the defendant paid the plaintiff in full for all lumber delivered from August 15, 1941, to and including August 26, 1941, in accordance with said Exhibit 'A.'

"He further avers that he paid to the plaintiff on August 26, 1941, the sum of $305.00, which check was marked in full to date, and which check the defendant has in his possession."

The general denial in the affidavit of defense was insufficient. *Fulton Farmers Ass'n v. Bomberger*, 262 Pa. 43, 46, 104 A. 805; section 8 of the Act of May 14, 1915, P. L. 483, as amended, 12 PS §390. The effect of defendant's insufficient denial and admission of plaintiff's averment of sale and delivery of the lumber set forth in the exhibit attached to the statement and alleged to be a correct copy of the plaintiff's books of original entry was to permit the introduction of the exhibit attached to the statement as evidence of sale and delivery of the lumber, instead of requiring plaintiff to produce his books in court, or otherwise prove the transactions. *Stern v. Dekelbaum*, 153 Pa. Superior

charge on August 29, 1941, in the amount of $99.57 is not involved in this appeal. The charges on August 15 and August 20 amount to $254.88, and the charges on August 26 amount to $188.30, or a total of $443.18. This amount less the check of $305 leaves a balance of $138.18. There were two charges on August 26, one in the amount of $138.18, and the other in the amount of $50.12.

Ct. 452, 454, 34 A. 2d 272.

Issues of fact are those created by the pleadings, and the defendant was limited to his pleaded defense. Act of May 14, 1915, P. L. 483, §16, as amended, 12 PS §452; *Albert v. Home Life Ins. Co. of America,* 140 Pa. Superior Ct. 549, 556, 14 A. 2d 561; 4 Standard Pa. Prac. §116, p. 118. Notwithstanding the limitation of the issue to that raised by the pleadings, defendant was allowed by the trial judge to testify, over plaintiff's objection, that he did not receive a portion of the lumber for which he had been charged by plaintiff.

The only possible issue raised by the pleadings was that of payment. Consequently, the objection to the admission of defendant's testimony relative to the quantity of lumber received should have been sustained.

Defendant averred in his affidavit of defense that he "paid the plaintiff in full for all lumber delivered from August 15, 1941, to and including August 26, 1941, in accordance with said Exhibit 'A'," and that on August 26, 1941, he paid plaintiff the sum of $305 by check which was marked "in full to date." But defendant testified that he did not pay the amount claimed by plaintiff and set forth in the admitted paragraph of the statement of claim. He paid $138.18 less than plaintiff's claim for lumber delivered from August 15 to and including August 26, 1941, as set forth in Exhibit A; and he was permitted to testify that the quantity of lumber delivered to him was short by that amount.

It was not averred, and there was no proof, that there was any dispute as to the account at the time the check was given by defendant to plaintiff, or that it was accompanied by any acts or circumstances indicating that it was given in full settlement of a disputed account. "If it be sought to establish accord and satisfaction, payment should be made in full satisfaction

of the claim and be accompanied by acts and declarations amounting to express notice that the payment is conditional and if accepted must be received in satisfaction of the claim: Dimmick v. Banning, Cooper & Co., 256 Pa. 295 [100 A. 871]": *Pennsylvania R. Co. v. A. J. Cameron & Co.,* 78 Pa. Superior Ct. 497, at page 502. See *Snowiss v. Elias Loeb & Co.,* 81 Pa. Superior Ct. 124, 127.

Defendant's testimony as to the quantity of lumber received was inadmissible in the absence of an amendment to the affidavit of defense. The defense presented at the trial was not set forth in the affidavit of defense; and the averment of payment in full by check in the amount of $305 is consistent only with defendant's alleged failure to receive delivery of all the lumber for which he had been charged, which difference would amount to $138.18, the amount in controversy.

Upon the retrial of the case, an application to amend the affidavit of defense may be made. Under the existing pleadings, defendant's testimony, which is the subject matter of the first assignment of error, was improperly admitted.

Judgment is reversed, and a new trial granted.