McKay et al. *v.* Beatty, Appellant, et al.

Argued November 23, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Stuart A. Culbertson,* for appellant.

*S. Y. Rossiter,* with him *John B. Brooks,* of *Brooks, Curtze & Silin,* and *Humes & Kiebort,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, January 3, 1944:

Procedural rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status

of substantive objectives. It is for this reason that Pa.
R. C. P. No. 126 (332 Pa. lxvii) provides: "The rules
shall be liberally construed to secure the just, speedy and
inexpensive determination of every action or proceeding
to which they are applicable. The court at every stage
of any such action or proceeding may disregard any error
or defect of procedure which does not affect the substan-
tial rights of the parties."

We are dealing here with Pa. R. C. P. Nos. 2252 and
2255 (332 Pa. cxxiii, cxxv, cxxvi, cxxviii) as they were
prior to the revision adopted December 30, 1942 (345 Pa.
l, li, lii). Plaintiff brought suit in trespass. Defend-
ant, having filed an affidavit of defense to the statement
of claim, petitioned the court for leave to join West
Ridge Transportation Company as additional defend-
ant.* The petition contained the statement, and was
accompanied by the form of order, prescribed by Rule
2252, but instead of adopting that form the court entered
a rule to show cause why the Transportation Company
should not be joined as additional defendant. The sheriff
served on the Company a copy of the petition and rule
to show cause, and also copies of the statement of claim
and affidavit of defense. Plaintiff filed an answer to the
petition and requested a hearing, which being had, the
court, on February 21, 1942, granted the petition, made
the rule absolute, and entered an order joining the Com-
pany as additional defendant and directing the latter
to file within thirty days a pleading setting forth its
defense. Instead of filing such a pleading the Company,
almost a year later, through counsel appearing de bene
esse, presented a motion to strike its name from the
record as additional defendant on the alleged ground
that it had not been served with a copy of defendant's
petition, the final order of the court thereon, and copies

---

* Under the Joinder of Additional Defendants Act of April 10,
1929, P. L. 479, and its amendments, the original defendant could
bring in additional defendants as a matter of right. The revised rules
of December 30, 1942, have returned to this practice,

of all other pleadings theretofore filed as required by Rule 2255. The court granted this motion and struck the Company off as additional defendant; at the same time it dismissed a motion made by defendant for leave to serve additional defendant with the order of February 21, 1942, nunc pro tunc. Defendant appeals.

All these laborious proceedings—devoted solely to questions of practice—had their unfortunate origin in the failure of the court, when defendant first presented its petition for the joinder of the Transportation Company as additional defendant, to follow the procedure contemplated by the rules. Rule 2252 did not provide for a hearing on such a petition in which the proposed additional defendant was to have the right to participate; only the original parties were to be heard on the question (see *Dubin v. Glendening,* 38 D. & C. 391, 394, 395; *Enders v. Alpert,* 42 D. & C. 696, 700). If the petition was granted the court was to make an order joining the additional defendant and commanding the sheriff to direct the additional defendant to file an answer in the action; as this order would be made before the additional defendant had any notice of the proceedings, Rule 2255 provided that service of a copy of the petition and the order of the court thereon, together with copies of all other pleadings theretofore filed in the action, should be made upon the additional defendant within 30 days after the date of the order, otherwise the order should be void. Not until this stage of the proceedings was the additional defendant to be permitted to question the joinder, the remedy afforded being, by Rule 2256 (332 Pa. cxxviii), a motion to "dismiss," that is, to vacate the order. What the court did, however, in the present instance, upon the filing of defendant's petition, was to enter thereon a rule to show cause why the Transportation Company should not be joined as additional defendant. This rule was apparently directed to the Company and therefore, in order to enable it to answer the rule and participate in the hearing *before* the making of a

final order, the sheriff, at the instance of defendant, served the Company with copies of the petition, the rule to show cause, the statement of claim and the affidavit of defense. It thus *did* receive copies of the petition and of all the pleadings in the action as required by Rule 2255; the most that can be said is that it received them sooner than it was entitled to receive them under that rule. The only ground for complaint on its part is defendant's failure to serve it also with a copy of the court's final order of February 21, 1942. That failure would have been fatal had the general scheme of the rules been observed and had the Company not received any previous notice of the proceedings. But since the procedural method adopted was a rule to show cause, and since the Company was served with a copy of the order granting that rule, it was thereby informed that its joinder was being sought by defendant and, if it chose not to appear and oppose the rule, it was at least bound to follow up the proceedings of which it had thus been notified and to ascertain if and when the rule against it was made absolute. Though the procedure from the very beginning (through no fault of defendant) did not strictly conform to the rules, their *spirit and purpose* were served as far as the rights of the additional defendant were concerned, and there was no such duty to adhere to their *letter* as to require the removal of the additional defendant from the record.

The order dismissing defendant's motion for leave to serve the order of February 21, 1942, on the additional defendant nunc pro tunc is affirmed pro forma. The order granting the motion of West Ridge Transportation Company to strike it off as additional defendant is reversed and the order of February 21, 1942, reinstated with a procedendo.