## Reice, etc., v. Goldstein

*Harry R. Kozart*, for petitioner.

SLOANE, J., February 18, 1948.—This is a petition for approval of a compromise settlement of a minor's claim for personal injuries, and for approval of a proposed schedule of distribution. (Pa. R. C. P. 2039.)

The amount offered in settlement is $2,500, and though the injury was serious (a broken leg resulting in hospitalization for three months, with the minor wearing a brace for a time thereafter), liability is doubtful, so that acceptance is considered advisable by petitioners and their counsel, and it will be approved by the court.

Proper distribution of the fund presents a problem. The action is in the name of the minor by his guardian, his mother, and by the mother in her own right. The proposed schedule calls for an attorney's fee (including costs) of $600, reimbursement to the mother of $482 for hospital bill and $60 for a brace, payment of a balance due the hospital of $354.88, a physician's bill of $100, leaving as the minor's share the amount of $903.12.

The item of $482 requested for the mother raises the question, for it was in fact not paid by the mother but by the Associated Hospital Service (Blue Cross), in which the stepfather of the minor had a family membership. If the case had gone to trial and plaintiffs got the verdicts, this portion of the hospital bill would have to be included in the verdict for the mother; it could not go to the minor: In re Charles Mikasinovich, 110 Pa. Superior Ct. 252, 260-61. This would be though she had been indemnified for this portion of the hospital bill by the Blue Cross insurance, for insurance or reimbursement for losses from collateral sources cannot be shown by a tortfeasor to mitigate the damages he must pay. "Insurance in behalf of the injured person or any other compensation from a collateral source, cannot be set up by the wrongdoer in mitigation of damages": Littman v. Bell Telephone Company of Pennsylvania, 315 Pa. 370, 381.

Here however there is a lump sum settlement for both cases, without apportionment or breakdown into one amount for the mother and another for the minor. If there were division between mother and son, I would

have control of distribution of the minor's portion only, after approval of the settlement. But here, where the amount to be paid by defendant is not thus apportioned, and has been put before me for distribution in its entirety and as one sum, I consider there has been a waiver by the mother of a definite portion of the settlement to her. Under the circumstances it is, as I deem proper, to "make such order . . . fixing counsel fees and other proper expenses": Rule 2039(*b*). In such distribution I award her only the actual expenditures made by her and thus eliminate the amount paid by Blue Cross, including it therefore in the net sum for the minor. It is to be remembered also that in this case, because of doubtful liability, the amount of the settlement probably does not represent adequately the separate items of pain and suffering to the minor, loss of earnings to the parent and the minor, and proper expenses. In fact, there was no testimony on that score.

The net amount left to the minor under my distribution, as stated above, is about $1,400; under the petition it is about $900. Counsel asks that it be given to the mother as natural guardian to be deposited in a saving fund bank and marked, "Not to be withdrawn until said minor reaches the age of 21 years, or upon further order of court". (Cf. Rule 14 (E) of our Orphans' Court). Such disposition is in the face of Pa. R. C. P. 2039(*b*) which permits payment to the natural guardian (among others) only where "the balance does not exceed $500".

That rules are to be declared in spirit and not to the letter is announced by the cases (see Usner v. Duersmith, 346 Pa. 494, McKay et al. v. Beatty et al., 348 Pa. 286, and Pa. R. C. P. 126), and such declaration is in accord with just disposition of cases, but that is not to say that we can simply and utterly disregard the rules with their force of law (see Act of June 21, 1937, P. L. 1982, as amended, 17 PS §61; Standard Oil Co. of Pa. v. Munday et al., 150 Pa. Superior Ct.

499, 501; Round v. City of Pittsburgh, 55 D. & C. 183),
and substitute or impose our own legal reckoning. The
rule has drawn a line, has drawn it farther than the
Act of 1933.[1] I do not see myself in a position to extend
it farther and draw my own line in each case. "But
courts are not legislatures and are not at liberty to
invent and apply specific regulations according to their
notions of convenience": Holmes, J., in Wm. W. Bierce,
Ltd., v. Hutchins, 205 U. S. 340, 347.

I can see no need for duality of meaning to plain
words of precise meaning, and "When the words of a
rule are clear and free from all ambiguity, the letter of
it is not to be disregarded under the pretext of pursu-
ing its spirit": Pa. R. C. P. 127(b). This is admoni-
tion enough, the words of the rule play the part of
caution and enfold a concern for a wandering discre-
tion; they place a limit upon the active resolution of
the judge. I should think that the rules committee,
composed of men who are sitting judges or in the active
practice of law, did not sit in the dark closet of abstrac-
tions to frame and recommend this particular rule.
And they had to place a restriction if they are to set up
a shield for the minor, and if there is to be a limit in-
stead of full and unfettered discretion and no limita-
tion to every judge. No doubt inconvenience may come
in certain cases from strict observance, and I can sup-
pose slavish adherence to the rule in an instance that
goes to the verge of it, when the net fund is little over
$500 to a minor quite close to legal maturity, an
instance that might encourage a judge to the irregular-
ity of harmless violation of the rule. And I must confess
that in the case at hand it is unlikely that the fund will
be abused or misspent with the condition attached to

---

[1] P. L. 88, sec. 1, 2, 20 PS §§1072, 1073. ". . . where the estate
of the minor shall be of the value of two hundred dollars or less,
the court may, in its discretion, authorize payment . . . to the nat-
ural guardian of the minor . . ."

its deposit.[2] But I would rather stand to the rule and abide certainty where certainty is repose without hurt, leaving it to the rule-makers to enlarge or revise the rule if they will, suggesting to them to consider approximation to the orphans' court rule.

A decree will be presented in accord to this opinion, in form suggested by Goodrich-Amram §2039(b)-4.

---

[2] See Rule 14(E) of our Orphans' Court Rules which permits deposit in a savings bank where the minor's amount is not in excess of $1,000, "the account to be marked not to be withdrawn except upon order of the court, or to be withdrawn at the majority of the ward upon the joint order of the guardian and the ward." This is to save the cost of surety.