## Corbett v. LaGrotta et al.

*Swaney & Whitmire,* for plaintiff.
*Reed, Ewing & Ray,* for defendants.

McCREARY, P. J., September 25, 1948.—We have before us for consideration a rule issued at the instance of plaintiff requiring defendants to show cause why defendants' answer to a complaint in trespass should not be stricken from the record for the reason

that the answer was filed more than 20 days after the complaint was served on defendants. On June 29, 1948, plaintiff filed a motion to strike off defendants' answer pursuant to Pa. R. C. P. 1017(b)(2), on the ground that the answer failed to conform to Pa. R. C. P. 1026 in that the answer was not filed within 20 days after plaintiff's complaint, with notice to plead, was served on defendants.

On May 4, 1948, plaintiff, James G. Corbett, filed a complaint in trespass against defendants Gloria La-Grotta, Ned LaGrotta and Rose LaGrotta. In addition to allegations of direct negligence plaintiff alleged that at the time of the accident Gloria LaGrotta, one of the defendants, "was operating the said Pontiac sedan automobile owned by defendant, Rose LaGrotta, and at that time the said Gloria LaGrotta was acting as agent for the defendants, Ned LaGrotta and Rose LaGrotta, and was acting within the scope of her authority". The sheriff's return, dated May 8, 1948, shows the complaint was served on all defendants on May 5, 1948. On May 13, 1948, defendants filed a general appearance by their counsel. On June 15, 1948, more than 20 days after plaintiff's complaint was served on defendants, two of the defendants, Ned LaGrotta and Rose LaGrotta, filed an answer denying agency. On July 8, 1948, defendants Ned LaGrotta and Rose LaGrotta, by their counsel, filed an answer to plaintiff's motion to strike off defendants' answer, as follows:

"The plaintiff, having failed to take judgment for want of an appearance, is not permitted under the Rules of Civil Procedure to strike the defendants' answer for the sole reason that it was not filed within twenty (20) days after the plaintiff's complaint, properly endorsed with notice to plead, was served on the said defendants."

The matter was argued before the court en banc at the last argument list and the motion to strike off is now before the court for consideration.

The question which the court has to determine is whether the Rules of Civil Procedure relating to time for pleading in trespass actions are such as to require the court to strike off an answer denying agency after the lapse of 20 days from the time of service of the complaint with notice to plead.

Rule 1017 of the Procedural Rules defines and limits the pleadings allowed in an action of assumpsit and rule 1041, relating to actions of trespass provides as follows:

"Except as otherwise provided in this chapter, the procedure in the action of trespass shall be in accordance with the rules relating to the action of assumpsit."

Since the rules relating to trespass do not contain anything as to the time within which a pleading must be filed, the procedure is governed by rule 1026, relating to actions in assumpsit, which provides that a pleading must be filed within 20 days after service of the prior pleading.

Rule 1017, above referred to, in outlining and defining the pleadings allowed in actions of assumpsit (and hence in actions of trespass) allows, inter alia, "a motion to strike off the pleading because of lack of conformity to law or rule of court or because of scandalous or impertinent matter".

Pa. R. C. P. 1045, relating to actions of trespass, reads as follows:

"(a) Within the time for filing an answer, a defendant in lieu thereof may enter a general appearance.

"(b) A party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material

act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. All other averments shall be deemed to be denied."

In interpreting these rules of civil procedure the duty is imposed upon the court to observe other rules in pari materia. Among others, we are obligated to observe the provisions of Pa. R. C. P. 126, which reads as follows:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

We must also observe Pa. R. C. P. 1003 which reads as follows:

"Rules relating to the manner of commencing an action or the time for serving process or for filing or serving pleadings may be waived by agreement of the parties. The court on cause shown may extend or shorten the time within which pleadings shall be filed or process served."

"Procedural rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives": McKay et al. v. Beatty et al., 348 Pa. 286:

"The rules are to be interpreted with common sense to carry out the purposes for which they were adopted": Usner v. Duersmith, 346 Pa. 494.

In commenting on the question of the right of a defendant in trespass to file an answer after the expiration of 20 days from the date of service of the complaint with notice to plead, Goodrich-Amram makes the following observation:

"The defendant's answer is due within 20 days after the service of the plaintiff's complaint, provided the complaint is properly endorsed with a notice to plead. The time for the answer may be extended by the court, or by the agreement of counsel, without limit, in all cases, whether in assumpsit or trespass.

"If the defendant has interposed preliminary objections, and they have been overruled, the time for filing the answer is to be fixed by the court.

"Under the prior practice, the defendant could file his affidavit of defense in assumpsit cases at any time, no matter how long delayed, provided the plaintiff had not theretofore taken proceedings for judgment for want of an affidavit of defense. A similar rule did not apply in trespass cases, and, even if the plaintiff had taken no advantage of the defendant's default, the defendant could not file an affidavit of defense after 15 days without leave of court. The reason usually given to support this distinction was founded on §18 of the Practice Act of 1915. This section provided that, if no affidavit of defense was filed in a trespass case within the 15-day period, 'the case shall be deemed to be at issue.' If the case is 'at issue', the pleading stage of the action is over, and no further pleadings may be filed without leave of court.

"No similar provision is found in these Rules. Rule 1045 states the effect of the failure to file an answer in trespass. The defendant 'shall be deemed to admit' certain averments. Other averments 'shall be deemed to be denied'. In assumpsit cases, averments 'are admitted when not denied'. The Rules for judgment for want of an answer in assumpsit and trespass show no difference in principle. No provision is made for a trespass case to be 'deemed at issue' at the end of 20 days.

"The rule is therefore the same in assumpsit and trespass cases. In either, the answer can be filed at

any time and without leave of court, even after the 20-day period has expired, if the plaintiff has not yet taken judgment against the defendant for default."

Of course we are not bound by the Goodrich-Amram comment on rule 1045, or the other rules above recited, but we think it is entitled to great weight. Mr. Amram is vice-chairman of the Procedural Rules Committee and is thoroughly familiar with the discussion that took place at the time the rules were finally promulgated. He knows what the aim of the rules is, and he knows the ends intended to be accomplished by adopting them as a substitute for the statutory provisions of the Practice Act of 1915, as amended. We believe that a defendant, in an action of trespass, has a right to file an answer denying agency after the expiration of 20 days from the date of service of the complaint, with notice to plead, in all cases where plaintiff does not aver in his motion to strike off that he has been prejudiced by the action of defendant in filing his pleading later.

We are in hearty accord with the position of plaintiff, which he takes by his counsel in the written brief furnished to the court in the matter now under consideration. Plaintiff observes that under certain circumstances permitting defendant to file his answer after the expiration of 20 days from service of the complaint might result in prejudicing plaintiff's position. Plaintiff says:

"For instance, a plaintiff having served his complaint upon the defendants and more than twenty days having elapsed with no answer denying agency, then the plaintiff is entitled to assume he will not be required to prove agency, and of course will not take the steps necessary to collect and preserve such proof. It may well be that shortly thereafter such proof will disappear and be allowed to escape the control of the plaintiff because he was entitled to rely upon the fact

that such proof would not be necessary at trial. If the rules governing limitation on time for pleading are not to be enforced, then the defendant could belatedly file an answer requiring the plaintiff to prove something which he was no longer able to prove due to the defendant's own neglect and carelessness."

If circumstances were such in the case at bar that plaintiff would be able to show that he has been prejudiced by the lapse of time taken by defendants for filing their answer, we would unhesitatingly grant plaintiff's motion to strike. No such prejudice was intimated at the oral argument nor in plaintiff's written brief, and we are inclined to the view expressed by Judge Rowley in the case of Molaskey et al. v. Crisan et al., 62 D. & C. 336, wherein he granted to defendant permission to file an answer denying agency in a trespass action after the time fixed by the Practice Act of May 14, 1915, P. L. 483. It is true that his decision was made under the provisions of the Practice Act of 1915. He points out that the test, to be applied by the court in granting or refusing leave to file a pleading after the expiration of the statutory period, or to be applied when a plaintiff makes a motion to strike defendant's answer on the ground that it was filed at a date beyond the statutory period, is to consider whether plaintiff would be prejudiced by the delay. He reviews the authorities on the subject in his opinion, and concludes that, unless plaintiff can show that he has been prejudiced, leave to file an answer after the statutory period will be granted. A fortiori this is true in applying the rules of civil procedure if it is true in interpreting a statute on the same subject. Judge Rowley makes the following observation (pp. 341, 342) :

"The instant question has been argued without reference to the new Rules of Civil Procedure. The point might be raised whether rules not in effect when the

action was begun should govern it. However, our decision of the instant question would be the same in either event."

We are of the opinion that under the Rules of Civil Procedure above referred to an answer in an action in trespass denying agency can be filed at any time and without leave of court even after the 20-day period has expired if plaintiff has not yet taken judgment against defendant for default, or if plaintiff cannot show that his cause is prejudiced by the delay.

At the oral argument counsel for defendants explained the difficulty which confronted him when the papers in the case were turned over to him after service of the complaint on defendants. Before he had an opportunity to file an answer defendants went on a trip to Florida. He had prepared an answer denying agency but was unable to get the signatures and affidavits of defendants to the answer by reason of their absence from the jurisdiction. To forestall having judgment entered for want of an appearance, he entered a general appearance on the record and forwarded the papers to defendants in Florida. This caused the answer to be filed a few days beyond the date allowed by the rules for filing this pleading. We know that plaintiff would not have filed the motion to strike in this case had he or his counsel been made aware of the fact. It was not until the oral argument in court that plaintiff was apprised of this situation, and at that time plaintiff, by his counsel, suggested to the court that their position in the matter might have been different had they been made aware of the actual facts.

Finally, if we were not to determine the matter adversely to plaintiff on the authority of the cases and comments referred to above, we would be inclined to discharge the rule for another and possibly more substantial reason. We are of the opinion that if defend-

ants had not answered at all denying agency, plaintiff would not be permitted to offer in evidence paragraph 7 of the complaint alleging agency of Gloria LaGrotta, set forth in detail above in this opinion. If the allegations of paragraph 7, as set forth, were before the jury and no other proof of agency, it would hardly be sufficient to submit to the jury on the question of agency. It is not sufficient to merely allege that one of the defendants was a servant of the other defendant, or defendants, and that the person named was acting within the scope of her authority. It must be further alleged that at the time of the happening of the accident Gloria LaGrotta was acting as the servant, agent or employe of defendants and in furtherance of the business of other defendants and was acting within the scope of her authority. See Wesolowski v. John Hancock Mutual Life Insurance Co., 308 Pa. 117, wherein the court concludes as follows:

"Appellant also contends that the averment in the second paragraph of the statement of claim that Adams, 'the said servant, agent or employee of defendant, at the time of the occurrence hereinafter more fully set forth, was operating said automobile in and about the course of his duties as a servant, agent or employee of defendant' 'not having been properly denied', and the proper portions of the pleadings to show this averment and lack of proper denial being offered in evidence by the plaintiff, the court below erred in sustaining defendant's objection to this offer. Without deciding whether or not the purported denial in the affidavit of defense was inadequate in substance and form under the Practice Act, we hold that paragraph two of the statement of claim, even if uncontradicted, would not be relevant to the vital issue trying. Even accepting as a fact that Adams was the agent and servant of defendant at the time of the occurrence

complained of and that he was operating the automobile in and about the course of his duties as servant and agent of the defendant, this does not determine the controversy. As we have already pointed out, the plaintiff must go further and aver and prove that the automobile was under the defendant's actual or potential control at the time and place in question or that the use of the automobile by the agent and servant was of such vital importance in furthering the business of the master that the latters' actual or potential control of it was a legitimate inference. Plaintiff's proof fell short of this requirement." See also, Farbo v. Caskey, 272 Pa. 573.

Entertaining these views we make the following

### *Order*

Now to wit, September 25, 1948, the rule heretofore issued requiring defendants to show cause why their answer should not be stricken from the record is discharged.