## Kirschler et al. v. Ulrich et al.

*Frank E. Reed,* for plaintiffs.
*Leonard A. Mazer,* for defendants.

McCREARY, P. J., February 6, 1952.—We have before us for consideration certain preliminary objections filed by plaintiffs to defendants' answer in a trespass action, denying agency. The original complaint in trespass was filed October 14, 1950, wherein plaintiffs sought to recover damages for injuries sustained by minor plaintiff on November 8, 1948, as a result of the alleged negligence, wantonness and recklessness of defendants in the operation of an automobile owned by John Richard Ulrich, one of the defend-

ants. A general appearance for defendants was entered on November 30, 1950, by Winner and Winner, Esqs., of Pittsburgh, and Baldwin and Baldwin, Esqs., local counsel. On December 6, 1950, defendants were duly served with copy of the complaint and a notice to answer in 20 days. No answer was filed and the matter was set down for trial and the jury was sworn on April 5, 1951. On April 6, 1951, the jury returned verdicts totaling $28,500, and found specially that the damages were the result of willful and wanton misconduct on the part of both defendants. On April 10, 1951, defendants filed a motion to set aside or strike off the special findings and for a new trial.

In an opinion and order filed by this court on October 13, 1951, we concluded as follows:

"Now, October 13, 1951, at 11:25 o'clock a. m., (E.S.T.) it is ordered that defendants' motion for a new trial be granted and a new trial is hereby ordered; we further certify that we would not have granted a new trial except for the fact that we are of the opinion that the special findings of the jury are of doubtful validity in that the testimony on the question of wilfulness and wantonness falls short of the standards laid down by our appellate courts on the subject."

Thereafter, on October 29, 1951, an answer, denying agency, was filed, without leave of court, and on November 1, 1951, plaintiffs filed preliminary objections, on the basis of which plaintiffs ask us to strike off the answer. The preliminary objections are as follows:

"2. More than one year elapsed between the time of filing the original complaint and the filing of defendant's answer denying agency.

"3. More than 10 months has elapsed between the time of service of the original complaint on the original defendants and the filing of the answer denying agency.

"4. The statutory period for filing any action growing out of the accident involved in this proceeding expired on November 8, 1950.

"5. Under rule 1045(*b*), defendant having filed a general appearance and nothing more, such general appearance constituted a failure to file a responsive pleading.

"6. Under rule 1045(*b*), defendant having failed to file a responsive pleading admitted all averments in the complaint relating to the identity of the operator of the automobile, the agency and employment of the operator of the automobile, the ownership, possession and control of the automobile involved in the accident.

"7. Under the provisions of rule 1045(*b*) defendants having entered a general appearance prevented plaintiffs from taking judgment by default for the reason that entry of an appearance makes the averments other than those which are deemed to be admitted automatically deemed to be denied.

"8. Defendants' failure to appear in person or by counsel at the first trial of this action constituted a waiver of the defendants' right to thereafter file an answer to the complaint."

The preliminary objections must be sustained and the answer stricken from the record. Defendants have been playing horse with this court and testing our patience and our liberality in applying Rules of Civil Procedure ever since they first caused a general appearance to be entered on November 30, 1950. They filed no answer denying agency at that time; they refrained from even appearing for trial on April 5 and 6, 1951, feeling that they were execution proof and that, no matter what the jury's verdict might be, they could resort to the dishonest device of discharge in bankruptcy (see our opinion of October 13, 1950) ; and now, after employing new Pittsburgh counsel,

they belatedly file an answer, without leave of court, asking us to exercise our sound discretion and permit the answer to stand. Apparently now, after such jockeying, they feel they will approach the problem by an entirely new tactic, namely, to try to persuade the jury that only one of them was the cause of the accident, and thereby leave the other free to own property without paying a just debt and also to secure a license to drive without furnishing public liability insurance.

Under the circumstances recited in the preliminary objections, all of which appear from the record, we feel that plaintiffs would definitely be prejudiced by allowing defendants to file an answer denying agency more than a year after filing of the original complaint, more than 10 months after the time of service of the original complaint, almost a year after the expiration of the statutory period for filing any new complaint, almost a year after entering a general appearance and six months after the actual trial of the original issue on April 5 and 6, 1951.

We have carefully read the brief of argument prepared and filed by defendants' counsel, wherein he calls our attention to Rule 126 of Pennsylvania Rules of Civil Procedure; Hormel v. Helvering, 312 U. S. 552; Sterling v. Ritchey, 17 S. & R. 263; and McKay et al. v. Beatty et al., 348 Pa. 286, all of which are to the general effect that rules of procedure should be liberally construed to the end that justice may not be hobbled. We are in agreement with the doctrine of those cases, but we do not feel that those rules should be totally disregarded in every case, and particularly in a case which has already been tried.

We did not grant a new trial in order that defendants might introduce new pleadings. We granted it solely for the purpose of permitting the parties to place before the jury additional evidence, if any, to prove

willfulness and wantonness on the part of defendants. If willfulness and wantonness are established on a firm basis, and the jury specifically finds such, defendants cannot be discharged in bankruptcy.

Defendants have also called to our attention in their brief of argument the cases of William Amer. Company et al. v. Reiter et al., 52 D. & C. 469; Garrett's Estate, 335 Pa. 287; Molaskey et al. v. Crisan et al., 62 D. & C. 336; and our own case of Corbett v. La Grotta et al., 65 D. & C. 480, all to the effect that an affidavit of defense denying agency may be filed after the expiration of 20 days from the date of service, even without leave of court, if plaintiff has not yet taken judgment against defendant by default, and if plaintiff cannot show that he was prejudiced by the delay. We are satisfied that these cases correctly state the law. However, we are also satisfied that the inordinate delay in the case we are now considering has definitely prejudiced plaintiffs in that, if we permit defendants' answer to stand, they will be compelled to meet an additional issue in the new trial which defendants have already foreclosed by their deliberate tactics at the time of and prior to the trial last April. While rules of civil procedure are not to be construed as instruments to shackle justice, on the other hand they are not to be regarded as mere scraps of paper.

In the exercise of a sound discretion and in the interest of justice, we rule that plaintiffs' position, under the circumstances of this case, is sound and that defendants' answer denying agency must be stricken. Accordingly we make the following

*Order*

Now, February 6, 1952, after argument, the preliminary objections of plaintiff are sustained and defendants' answer is ordered stricken from the record.