369 A.2d 385

YOUNG ANTICS, INC., In its Own Right and New York Credit Men's Adjustment Bureau, as Signee for the Benefit of Creditors of Young Antics, Inc.

v.

JAYMAR REALTY CORP. and A. P. Warnick, Appellants.

Superior Court of Pennsylvania.

Argued Sept. 9, 1975.

Decided Nov. 22, 1976.

Joseph J. Musto, Wilkes-Barre, for appellants.
John H. Doran, Wilkes-Barre, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This action in trespass was tried before a judge without a jury, pursuant to Pa.R.C.P. 1038.[1] A "verdict" was rendered for appellees on May 20, 1974. Appellants filed motions for new trial and judgment n. o. v. on May 24, 1974. Appellees moved to quash the motions on the ground that appellants had not complied with Pa.R.C.P. 1038(d), which provides:

> Within twenty (20) days after notice of the filing of the decision, exceptions may be filed by any party to the decision or any part thereof, to rulings on objections to evidence or to any other matters occurring during the trial. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters. *No motion for a new trial, for judgment non obstante veredicto, in arrest of judgment or to remove a nonsuit may be filed.*
> (Emphasis added)

[1] Rule 1038 dictates the procedure for trials without a jury in actions in assumpsit. Its provisions are made applicable to actions in trespass by Pa.R.C.P. 1048.

The court below, sitting en banc, granted the motion to quash. We affirm.

The question is, What will be deemed compliance with Pa.R.C.P. 1038(d)? Since the Rule explicitly forbids the filing of motions for new trial and judgment n. o. v., appellants have not complied with it, if it is to be applied literally. Appellants urge, however, that the rule should not be applied literally, and they advance two arguments: first, their error should be excused because the trial judge and the prothonotary also failed to comply with Rule 1038; and second, at least certain of the points raised in the motion for new trial were sufficiently specific to serve as exceptions and should therefore be treated as such.[2]

■ Appellants' first argument is not convincing. The trial judge denominated his decision a "verdict", a term more appropriate to a jury's decision, as appellants rightly state. Rule 1038 uses throughout the term "decision." However, we agree with the court en banc that this is a "quibble over captions." Appellants argue that just such a quibble was fatal to their post-trial motions, but there are two important differences. First, the terms "motion for new trial" and "motion for judgment n. o. v.," unlike the terms "decision" and "verdict," are formal titles, each with a specific and different meaning. Arguably, miscaptioning a motion might mislead, whereas it seems impossible that a judge's rendering a "verdict" would fail to inform that he had reached a "decision." Second, Rule 1038 does not forbid the rendering of a "verdict"; it does forbid motions for new trial and judgment n. o. v. Appellants also complain that the pro-

2. Appellants also argue the merits of the case. Because we affirm the order of the court below quashing the motions for new trial and judgment n. o. v. we do not reach the merits. Appellants also argue that if the order is upheld, still they should have been given leave to file exceptions nunc pro tunc. However, appellants suggest no reason why the court below should have given them this leave, beyond the reasons that will be discussed.

thonotary failed to notify them of the date of filing of the decision, in contravention of Rule 1038(c). We agree with the court en banc that appellants "clearly were not prejudiced in any way, for copies of the trial judge's decision were mailed to counsel from the judge's chambers immediately upon filing, and obviously these were received by counsel, for the Motions for New Trial and Judgment N. O. V. were filed within four days after entry and filing of the decision."

Appellants' second argument is somewhat more substantial. Their motion for new trial advanced the following reasons:

1. The verdict was against the evidence.

2. The verdict was against the weight of the evidence.

3. The verdict was against the law.

4. The verdict is inconsistent in that the conclusions of the Court, as a matter of law prohibit a finding in favor of the Plaintiffs.

5. The verdict is inconsistent in that the Court concludes that the sale "was validly conducted" which prohibits the further finding that the proceeds realized therefrom were inadequate.

6. The Court had before it no evidence to support the conclusions that the proceeds realized from the sale were inadequate.

While numbers 1–3 are boilerplate, and number 4 adds nothing to number 3, number 5, and perhaps number 6, are sufficiently specific to be treated as exceptions. Appellants argue that their disobedience of Rule 1038(d) should therefore be excused in accordance with the principle stated in Pa.R.C.P. 126: "The court at every stage of any . . . action or proceeding may disregard any error or defect of procedure which does not affect the

substantial rights of the parties." That principle, however, must be balanced against Pa.R.C.P. 127(b): "Every rule shall be construed, if possible, to give effect to all provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." This court has made it clear that in a case like this one, between these two principles, that of Rule 127(b) will prevail. In *Baker v. Roslyn Swim Club*, 206 Pa.Super. 192, 213 A.2d 145 (1965), appellants filed motions for new trial and for judgment n. o. v. The statute then applicable, Act of April 22, 1874, P.L. 109, as amended §§ 1–2, 12 P.S. §§ 688–689, did not provide for such motions, but rather for exceptions. Nevertheless the court below treated the reasons assigned in the motion for new trial as exceptions to findings of fact, and the motion for judgment n. o. v. as an exception to the conclusion of law. On appeal this court said: "Since the court below handled the matter in that fashion without objection by either party, we shall do likewise, but our action in so doing must not be regarded as a precedent in future cases. The Act of 1874 is explicit in setting forth the procedure and it should be followed." 206 Pa.Super. at 193–94, 213 A.2d at 146–47. Since Rule 1038(d) not only explicitly sets forth the procedure that should be followed but also explicitly sets forth the procedure that may not be followed, *a fortiori* the warning in *Baker* should control here.

This is is especially so since in other cases lower courts have heeded *Baker*, and have refused to bend the rules for other careless parties. *See Balke v. Vallier*, 23 Chest. 258 (1974); *Brown v. Baughman*, 15 Adams Co. L.J. 66 (1973) (opposing party's objection to motion for new trial sustained, relying on *Baker*; leave granted to file exceptions within twenty days; no exceptions ever filed); *Lehigh Valley Railroad v. Krapf's Truck Service*, 56 D. & C.2d 259 (1971) (*Baker* cited; motion to strike

motion for new trial sustained, both because opposing party objected and because no specific reasons given in motion for new trial). It would be unfair to such other losing parties to excuse appellants. When we say, as we did in *Baker*, that "our action . . . must not be regarded as a precedent," we should be understood as addressing not only the trial courts and bar but also ourselves.

It may be granted that Rule 1038's insistence on exceptions and proscription of any other form of motion are not easily explained. Were there a significant difference between exceptions and motions for new trial—for example, if the former were always specific while the latter could be only general—the purpose of the rule would be clear. However, our common law has long required that a motion for new trial set forth "the reasons assigned . . . with such clarity that both the court and the adverse party may be informed of the import of such reasons and given sufficient opportunity to meet them." *Evans v. Otis Elevator Co.*, 403 Pa. 13, 30, 168 A.2d 573, 581 (1961); *see also Megliss v. Bartoletta,* 159 Pa.Super. 308, 311, 48 A.2d 18, 20 (1946). Our trial courts repeatedly insist on specificity in motions for new trial. *See, e. g., Spicer v. Yorktowne Mutual Insurance Co.,* 9 Adams Co.L.J. 41 (1967); *Smith v. Motor Freight Express, Inc.,* 81 Dauphin 121 (1963); *Barry v. Pittsburgh Railways Co.,* 111 Pitts.L.J. 452 (1963). There being no apparent substantive difference between exceptions and a motion for new trial, it follows that Rule 1038(d) requires correct captioning merely as a matter of form. Whether this is a useful requirement is not for this court to determine. We suggest, however, that the Procedural Rules Committee of the Supreme Court may wish to review it.

Affirmed.

PRICE, J., concurs in the result.

HOFFMAN, J., files a dissenting opinion in which WATKINS, President Judge, joins.

HOFFMAN, Judge, dissenting:

I dissent.

Rule 126, Pa.R.C.P., provides "[t]he rules shall be liberally construed to secure that just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." The instant case is squarely within this rule.

The Majority notes that "[t]here being no apparent substantive difference between exceptions and a motion for new trial, it follows that Rule 1038(d) requires correct captioning merely as a matter of form." Opinion at p. 249. Thus, under the Majority's reasoning, it is clear that we are forced to sanction a holding which prevents a "just, speedy and inexpensive determination of [this] action." The Majority cites Rule 127(b) as authority for its position. That subsection provides as follows: "Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." I agree that if the holding which I propose frustrated a cognizable policy of Rule 1038, Rule 127 would mandate a contrary result. Cf. Rule 127(c). But this is not such a case. To hold as the Majority does is to allow procedural rules to become an end in themselves. We should be mindful of Justice Stern's sage counsel: "Procedural rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives."

*McKay v. Beatty*, 348 Pa. 286, 287, 35 A.2d 264, 265 (1944). It was for that reason that Rule 126 was promulgated.

Therefore, I would reverse and remand for further proceedings.

WATKINS, President Judge, joins in this dissenting opinion.