## Columbia County Sanitary Administration Committee v. Leffler

*Jack C. Younkin,* for plaintiff.
*Vincent V. Rovito,* for defendants.
*Ronald H. Sherr and John A. Carpenter,* for additional defendants.

KREHEL, *P.J.,* September 10, 1984—This case is before the court on preliminary objections filed by additional defendant Township of Ralpho. A look at the tortured procedural history of this case is necessary for the determination of the issues decided today.

On November 23, 1983, a complaint in equity was filed by the Columbia County Sanitary Administrative Committee, the agency designated by the Township of Ralpho to administer and enforce the Pennsylvania Sewage Facilities Act. Plaintiff requested injunctive relief to remedy defendant's alleged noncompliance with the Pennsylvania Sewage Facilities Act, January 24, 1966, P.L. (1965) 1535, 35 P.S. §750.1 et seq.

On December 19, 1983, defendants filed preliminary objections requesting,

(1) That plaintiff be directed to file a more specific complaint;

(2) The the complaint be dismissed for failure to state a claim upon which relief could be granted; and

(3) The the complaint be dismissed for lack of jurisdiction.

Argument on these preliminary objections was originally scheduled for February 6, 1984, but was postponed to March 5, 1984 and heard on that date. On March 6, 1984, the preliminary objections were denied by order of Ranck, J., and defendants were given 20 days to file a responsive pleading.

On March 26, 1984, defendants filed an answer with new matter and appended to this answer an attempted joinder of the Township of Ralpho as an additional defendant.

On April 16, 1984, plaintiff filed a reply to defendants' answer with new matter. Also, on April 16, 1984, additional defendant filed preliminary objections to the attempted joinder. Additional defendant requested this court to strike off the attempted joinder for three reasons:

(1) The attempted joinder was untimely;

(2) Additional defendant was not properly served, so that this court does not have personal jurisdiction; and

(3) Defendants did not comply with the Rules of Civil Procedure governing the joinder of additional defendants.

On April 24, 1984, plaintiff filed a praecipe to put the preliminary objections of additional defendant on the argument list.

On May 8, 1984, defendants filed a motion to strike off the praecipe for the placement of the preliminary objections on the argument list. Defendants also filed a rule to show cause why the joinder of additional defendant should not be allowed.

On May 30, 1984, additional defendant filed an answer to the rule to show cause, and on June 12, 1984, this court issued an order scheduling argument on both the motion to strike off the praecipe and additional defendant's preliminary objections.

In July 1984, the parties filed briefs on these issues and this court decided to rule on the issues without oral argument.

Before addressing additional defendant's preliminary objections, this court will deal with defendants' motion to strike off the praecipe filed by plaintiff to

place the preliminary objections of additional defendant on the argument list.

Defendants maintain that plaintiff's filing of the praecipe violated Pa.R.C.P. 2255(b), which states in pertinent part, "No pleadings shall be filed between the additional defendant and any other party other than the one joining him . . . ." "Pleadings" are defined in Pa.R.C.P. 1017(a), which states that, "The pleadings in an action are limited to a complaint, an answer thereto, a reply . . . a counter-reply . . . a preliminary objection and an answer thereto."

It is clear that a praecipe by plaintiff to place the preliminary objections of an additional defendant on the argument list is not a "pleading." Plaintiff's attorney was attempting to expedite this case. At the time of the filing of the praecipe on April 24, 1984, five months had elapsed from the filing of the complaint and the case was still at the preliminary objection stage.

To not allow a plaintiff to praecipe disputes between defendants and additional defendants onto the argument list would allow defendants and additional defendants to cause great delays in the resolution of cases. This result would not be consistent with the direction of Pa.R.C.P. 126, which provides:

"Rule 126. Liberal Construction and Application of Rules:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure, which does not affect the substantial rights of the parties." This situation brings to mind the maxim that "Justice Delayed" can often become "Justice Denied."

Accordingly, defendant's motion to strike off praecipe for placement of case onto argument list is denied.

Addressing additional defendant's preliminary objections, additional defendant maintains that the attempted joinder was untimely made, due to the requirement of Pa.R.C.P. 2253, which states:

"Rule 2253. Time for Filing Praecipe or Complaint

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than 60 days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

Plaintiff's complaint was filed on November 29, 1983; defendants did not attempt to join additional defendant until March 26, 1984, more than two months after the 60-day limit. Therefore, additional defendant requests that the joinder be stricken. Moore v. Howard P. Foley Company, 235 Pa. Super. 310, 340 A.2d 519 (1975).

Defendants, on the other hand, rely on Graham v. Greater Latrobe School District, 436 Pa. 440, 240 A.2d 731 (1970), which permitted the filing of a complaint to join an additional defendant within 60 days after the original defendant's preliminary objections were overruled. The Supreme Court stated:

"Rule 2253 does not explicitly cover the situation of the joinder of additional defendants when the original defendant has filed preliminary objections to the complaint . . . When the objections are overruled, as here, reason and policy require that the defendant be given 60 days to join additional defendants. Preliminary objections attack the validity of

the pleading, and until those objections are over-ruled, a court has not determined that the plaintiff has a valid complaint. Applying that reasoning to time periods (1) and (2), the most reasonable construction of Rule 2253 would be that the defendant has 60 days from the time it is determined that plaintiff has filed a valid complaint . . . Also, it makes no sense to require the defendant to proceed as if the action will continue when he has before the court objections which, if successful, will terminate the litigation. "436 Pa. at 443, 260 A.2d at 733.

The rule in Graham has been qualified in several recent Superior Court cases. In Pennsylvania Gas & Water Company v. Lisbon Contractors, 288 Pa. Super. 267, 431 A.2d 1041 (1981), plaintiff filed both a trespass and an assumpsit count against defendant. Defendant, in preliminary objections, demurred only to the assumpsit count and not to the count in trespass. The court held that since the demurrer, if successful, would not have terminated the litigation, Graham does not apply and the 60-day period for joinder of additional defendants goes forward as usual.

In Commercial Banking Corp. v. Culp, 297 Pa. Super. 344, 443, A.2d 1154 (1982), defendant's preliminary objections attacked the validity of service of the original complaint. The court held that where defendant filed preliminary objections which would terminate the litigation as to a necessary party, the Graham rationale applies, and the 60-day joinder period does not begin to run until the preliminary objections are ruled upon.

The predicament of defendants in this situation was aptly described by the learned Judge Shugart in Bogar v. Yorkshire Insurance Co., 16 Cumberland L.J. 18 (1965), where he stated that if defendant is successful in his demurrer, the case would be ter-

minated. However; if defendant has moved initially to join additional defendant and was then successful in his demurrer, he could again find himself as a party defendant, because he could be joined as an additional defendant by the other party defendant. See also, Krafchik v. Tornetta, 78 D.&C. 329 (1951).

In the present case, the granting of the original defendants' preliminary objections would have resulted in the dismissal of plaintiff's case. The possibility that plaintiff would be able to find an amended complaint is immaterial, for in Kerry Coal Co. v. Beckwith Machinery Co., 316 Pa. Super. 195, 462 A.2d 861 (1983), the Superior Court stated that the Graham rationale applied when the preliminary objections, if successful, "would result in the filing of an amended complaint by the plaintiff or the action being dismissed." 462 A.2d at 863.

Therefore, under the holding of Graham and its progeny, defendants had 60 days from the overruling of their preliminary objections to attempt to join an additional defendant. The attempted joinder in this case was, therefore, timely.

Next, additional defendant maintains that the attempted joinder is invalid because service of process on the additional defendant was not properly made according to Pa. R.C.P. 2254(b).

It must first be noted that the proper rule regarding service of process upon a political subdivision is Pa. R.C.P. 2104. Section (c) of that rule states,

"Rule 2104. Service

"(c) Service shall be made upon a political subdivision by handling a copy of the writ or the complaint, if the action is commenced by complaint, to an agent duly authorized by the political subdivision to receive service of process, or to the mayor, to the burgess, or to the president, chairman, secretary or

clerk of the tax levying body thereof, and in counties where there is no tax levying body, to the chairman or clerk of the board of county commissioners."

As a second class township, the Township of Ralpho qualifies as a political subdivision under this rule. Service in this case was accomplished by personally delivering a copy of defendants' answer with the attempted joinder to the Solicitor of the Township of Ralpho.

The Second Class Township Code designated the township solicitor as the person having control of the law matters of the Township. 1933, May 1, P.L. 103, art. V, §581; July 10, 1947, P.L. 1481, §7, as amended 53 P.S. §65581. As such, it is self-evident that the solicitor has been authorized to accept service of process for the township. See Kapustik v. School District of the City of Arnold, 34 Westmoreland L.J. 255 (1952) (service on school district through solicitor was proper).

It does not matter that the Solicitor of the Township of Ralpho does not represent the township in this matter. He is still authorized to accept service for the township, but he is then required to notify the township of the nature of what has been served upon him. In addition, additional defendant can claim no prejudice in this manner of service, for the township was in fact put on notice of the attempted joinder and was able to retain counsel and made a timely response to the attempted joinder. The service of process on the additional defendant was, therefore, proper.

Finally, additional defendant maintains that the attempted joinder is invalid due to defendants' failure to comply with Pa.R.C.P. 2252. Sections (b) and (d) of this rule state:

"Rule 2252. Right to Join Additional Defendants

"(b) If the person sought to be joined is not a par-

ty to the action the joining party *may* file as a course a praecipe for a writ or a complaint. If the joinder is by writ the joining party, shall file his complaint within 20 days from the filing of the praecipe for the writ. The complaint, in the manner and form required of the initial pleading of the plaintiff in the action, shall set forth the facts relied upon to establish the liability of the joined party and the relief demanded.

"(d) If the person sought to be joined is a party, the joining party shall without moving for severance or the filing of a praecipe for a writ or a complaint, assert in his answer as new matter that such party is alone liable to the plaintiff or liable over to the joining party or jointly or severally liable to the plaintiff or liable to the joining party directly setting forth the ground therefor. The case shall proceed thereafter as if such party had been joined by a writ or a complaint." (Emphasis added.)

Defendants in this case did not file a separate complaint, but, instead, attempted to join additional defendant by attaching the attempted joinder to their answer with new matter.

The key here is the language of the rule. In section (d), the word "shall" is used, but in section (b), the word "may" is used. This difference in language indicates that the filing of a separate complaint to join an additional defendant when the additional defendant is not already a party is permissive and not mandatory.

In this case, it can be seen that defendants did not merely include the attempted joinder as part of their new matter, but in fact appended a complete complaint to the answer with new matter. The joinder contained all the necessary components of a complaint required by the Rules of Civil Procedure. There were: a caption (Rule 1018), a notice to de-

fend (Rule 1018.1), specific avernments (Rule 1019), a claim for relief (Rule 1021), paragraphing (Rule 1022), signing (Rule 1023), verification (Rule 1024) and an endorsement (Rule 1025).

The Township of Ralpho then retained counsel and responded to the complaint. It is clear that additional defendant was placed on notice and was not prejudiced by the method of joinder. While not using the preferred method of joinder, defendants, nevertheless, effected a valid joinder and did not violate the Rules of Civil Procedure.

In deciding this case, this court has interpreted the Rules of Civil Procedure in light of the direction given by our Supreme Court in Zakian v. Liljestrand, 438 Pa. 249, 264 A.2d 638 (1970), where the court noted, in regard to additional defendant procedure, that "In a capsule, these rules are an attempt to provide a means to simplify and expedite the disposition of matters involving numerous parties." 438 Pa. at 258, 264 A.2d at 641. See also Coppage v. Smith, 381 Pa. 400, 113 A.2d 247 (1955).

In addition, this court has always adhered to the philosophy expressed by Chief Justice Sterm in McKay v. Beatty, 348 Pa. 286, 35 A.2d 264 (1944), where he stated:

"Procedural rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to exalted to the status of substantive objectives." 348 Pa. at 286-87, 35 A.2d at 265.

Accordingly, we enter the following

ORDER

And now, this September 10, 1984, defendants' motion to strike off praecipe for placement of case onto argument list is denied.

It is further ordered that the preliminary objections of additional defendant, Township of Ralpho, are hereby dismissed.