## Keeler v. Snyder

*Vincent B. Makowski,* for plaintiff.
*Jeffrey F. Dorko,* for defendant.

KREHEL, *P.J.*, April 18, 1985—On April 12, 1984, plaintiff instituted this action by filing a praecipe for writ of summons in assumpsit. On December 3, 1984, plaintiff filed its complaint, alleging that a pipe organ sold to plaintiff was defective and demanding the return of the purchase price.

On December 19, 1984, defendant filed an answer with new matter. In the new matter, defendant alleged that any defects in the pipe organ were a

result of plaintiff's failure to properly maintain the organ.

On January 24, 1985, plaintiff filed an answer to new matter. On that same day, defendant filed a motion for judgment on the pleadings. On January 29, 1985, defendant filed preliminary objections to the answer to new matter. Argument was heard on both the motion for judgment on the pleadings and the preliminary objections on April 17, 1985.

Defendant maintains that the answer to new matter was filed 36 days after the new matter, and that Pa.R.C.P. 1026 requires that all responsive pleadings be filed within 20 days. Therefore, the answer to new matter should be stricken as untimely filed, and, under Pa.R.C.P. 1029, the averments in defendant's new matter should be deemed to be admitted.

Plaintiff concedes that the answer to new matter was untimely filed, but asks this court to allow the late filing because defendant has not been prejudiced by the late filing.

The landmark case in this area is Fisher v. Hill, 368 Pa. 53, 81 A.2d 860 (1950), In Fisher, the court, per Justice Chidsey, allowed defendant to file an answer nearly 10 months after the filing of the complaint. The court stated,

"It is sufficient now to hold that dilatory pleadings may be filed if the opposite party is not prejudiced and justice requires." 368 Pa. at 57, 81 A.2d at 863.

Pa.R.C.P. 126 provides that the Rules of Civil Procedure shall be liberally construed to insure the just, speedy and inexpensive resolution of cases. "The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.".

Further, this court has always adhered to the view expressed by Chief Justice Stern in McKay v. Beatty, 348 Pa. 286, 35 A.2d 264 (1944), where he stated,

"Procedural rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives." 348 Pa. at 286-287, 35 A.2d at 265. See also, Columbia County Sanitary Administrative Committe v. Leffler, et al., Northumberland County, Civil Division, no. 1419 Equity, filed September 10, 1984.

This court does not find any prejudice to defendant by the 16-day late filing. In addition, justice requires this court to allow plaintiff to file its answer to new matter, even though this answer was filed late. This court does not condone the late filing of pleadings. It merely decides that under the particular facts of this case, plaintiff's late filing is excused. Accordingly, defendant's preliminary objections are denied.

Next, this court turns to defendant's motion for judgment on the pleadings. In making a decision on such a motion, the court must consider the pleadings in the light most favorable to the non-moving party. Karns v. Tony Vitale Fireworks Corporation, 436 Pa. 181, 259 A.2d 687 (1969); Dewalt v. Warrior Run School District, et al., 57 Northumberland Leg. J. 43 (1985). With this as the standard, this court looks to the facts of this case.

In July, 1980, plaintiff purchased a pipe organ from defendant. Shortly thereafter, plaintiff had difficulties with the organ which it claims constitute a breach of defendant's express and implied warranties of merchantability. Defendant maintains that the organ was delivered in satisfactory condition and that any defects in the organ are a result of

plaintiff's failure to properly care for and maintain the organ.

A motion for judgment on the pleadings should only be granted in a case which is "clear and free from doubt," Dilks v. Flohr Chevrolet, 411 Pa. 425, 430, 192 A.2d 682, 685 (1963), or where trial would be a fruitless exercise. Puleo v. Broad Street Hospital, 267 Pa. Super. 581, 407 A.2d 394 (1979). Since there is a significant factual dispute in this case, it is not "clear and free from doubt" so defendant's motion for judgment on the pleadings should be denied.

In this case involving a pipe organ, this court will not stop the music before the last note has been heard.

Accordingly, this court enters the following

## ORDER

And now, this April 18, 1985, for the reasons stated in the above opinion, defendant's preliminary objections are denied, and defendant's motion for judgment on the pleadings is denied.